1814.

LANSING
v.
EDDY.

LANSING *against* J. AND T. EDDY.

June 2d,

An *injunction* will not be granted to stay a sale under an execution, on the ground that the judgment has been fully paid and satisfied; for the party has a prompt and adequate remedy at law.

Nor will it be granted on the charge of usury, and the party seeks a *discovery* of the usury, and a return of the excess beyond the lawful interest ; for the usury would have been a good defence at law ; and no reason was given why the defendant did not seek the discovery while the suit at law was pending.

Chancery will not relieve against a judgment at law, unless the defendant was ignorant of the fact in question pending the suit, or it could not be received as a defence.

THE bill, which was for an *injunction*, stated, that the plaintiff, as security for *Jacob I. Vanderheyden,* and with him, gave a promissory note for 511 dollars and 70 cents, on the 14th of *March,* 1811, to *John Eddy.* That judgment

was recovered on the note, in the supreme court, against both the makers, in *October* term, 1811, on which a *fi. fa.* was issued immediately thereafter. *Vanderheyden* died insolvent, the 6th of *April*, 1813, and the property was advertised for sale, under the execution, on the 6th of *June* instant.

On the 21st of *July*, 1812, the plaintiff paid the sheriff, on the *fi. fa.*, one hundred and fifty dollars, and on the 7th of *March*, 1814, he paid to *T. Eddy*, the assignee of the judgment, 74 dollars; on the 16th of *March*, 100 dollars; and on the 25th of *March*, 1814, 400 dollars, amounting to 724 dollars, on the judgment.

The bill further stated, that the above mentioned note was given to take up a former note, between the same parties, which former note was also given to take up another note; and that the original note was for a loan of money to *Vanderheyden*, on which *John Eddy* had exacted *usurious* interest. That before, or after the commencement of the suit in the supreme court, *John Eddy* assigned the note, or judgment, to his brother, *Tisdale Eddy*; and that, in the beginning of the year 1812, *T. Eddy* exacted, and received of the plaintiff, a note for fifty dollars, for forbearance and delay of execution, and which note he still holds.

The plaintiff prayed for a *discovery*, as to all the above charges, and for an *injunction* to stay the sale under the execution.

*Foote*, for the plaintiff.

THE CHANCELLOR. The injunction can only be granted upon one of these two grounds: 1. That the plaintiff has already fully paid and satisfied the execution; 2. That he seeks for a discovery of usury in the debt, and to obtain a return of the excess beyond the principal sum loaned, together with the lawful interest.

1. If the execution has been paid, the sale can be stopped

by a judge's order, and there is no need of the interference of this court. The remedy at law is prompt and adequate.

2. Nor does there appear sufficient cause for allowing the writ on the other ground. The first impression is, that the plaintiff comes too late even for the aid of this court. He was sued, at law, nearly three years ago, and it does not appear but that he was as well acquainted with the transaction then as he is now; and why was not the discovery sought for pending the suit at law ? The usury would have been a good defence to the action. The general rule is, that this court will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant below was ignorant of the fact in question, pending the suit, or it could not have been received as a defence. If a party will suffer judgment to pass against him by neglect, he cannot have relief here for a matter which he might have availed himself of at law. (*Lee and Uxor* v. *Boles*, 2 *Ch. Cas.* 95. *Williams* v. *Lee*, 3 *Atk.* 223. *Scott* v. *Scott*, *Mich.* 1769., cited in 1 *Hall's Law Journal*, 305. *Le Guen* v. *Governeur and Kemble*, 1 *Johns. Cas.* 436.) Lord *Hardwicke* says, it must appear that the defendant was ignorant, at the time of the trial, of the fact which renders the verdict at law contrary to equity ; and even then, chancery will not relieve where the defendant submits to try it at law first, when he might by a bill of discovery have come at the fact, by the plaintiff's answer, before trial at law.

There may be cases, perhaps, in which this general rule would be subject to some modification, but, generally, where a party has neglected his means of defence at law, equity will not interfere ; and the present case has certainly so strong an appearance of neglect, that I do not feel warranted to allow the injunction.

Motion denied.