1816.

DODGE
v.
STRONG.

DODGE and others *against* STRONG.

Relief will not be granted for the purpose of a new trial at law, where the party lost his opportunity of defence, by his own negligence. Where a rule for a new trial was granted by the Supreme Court, on conditions which the party failed to perform within the time prescribed by the rule, this Court refused its aid, it not appearing that the failure arose from the act of the opposite party, or from unavoidable necessity.

*November* 9th.

[ * 229 ]

THE bill stated, among other things, that, in *November*, 1814, one *Willoughby* delivered to the plaintiffs a quantity of *cider*, to be kept until it was sold, and the plaintiffs advanced to him 400 dollars, on his agreeing to permit the cider to remain as security for the advance, paying the storage, and giving them authority to sell the cider. That the plaintiffs, accordingly, sold the cider, the proceeds of which amounted to 478 dollars and 41 cents. That in *February*, 1815, the defendant demanded the cider, alleging that *W.* was his agent, and had no authority to sell it. That until that time, the plaintiffs always supposed *W.* to *be the true and sole owner; but that he has since claimed to be a partner with the defendant in the cider. That the defendant had knowledge of the advance of the money by the plaintiffs, and of the transactions at the time, or before he brought his suit at law against the plaintiffs, and approved the same; and that he concerted with *W.*, before the advance was made, that he should procure it by depositing the cider, &c. That the defendant afterwards brought an action of trover, against the plaintiffs, in the Mayor's Court, which was removed into the Supreme Court. That the cause was noticed for trial at the *April* sittings in *New-York*. That the plaintiffs, some time before, intended to have *W.* as a witness, but that he could not, on inquiry, be found; and, in *April*, the plaintiffs were informed that *W.* was at *Teneriffe*, as a common sailor. That, from the date of the issue, the plaintiffs had no expectation that the cause could be called on to trial at the *April* sittings, and neglected to attend; but on the last day of the sittings, the cause was called, and an inquest taken by default, for 810 dollars. That the cider was estimated at 4 dollars 50 cents per barrel, but the plaintiffs sold it for only 2 dollars and 75 cents, and no credit was given for the storage, or interest on the advance. That application was made to the Supreme Court for a new trial, who granted a rule for that purpose, on condition that the plaintiffs paid the amount of the verdict into Court in four days, and also paid the costs of the sit-

1816. DODGE v. STRONG.

tings, and of the motion; and that the defendant should notice the cause for trial, at the next sittings in *June*, and the plaintiffs then proceed to trial, without delay; and if the defendant should obtain a verdict, he might take the amount out of the money in Court, with the costs, and an execution issue for the residue, if necessary. That the plaintiffs deposited with the clerk of the Court the 810 dollars, in bank notes, within the four days, and their attorney went to the attorney of the defendant about the costs, [*230] *and the defendant's attorney said the costs were not then taxed, and that a copy of the bill should be sent to the plaintiffs' attorney, who promised to pay it. That the bill was not sent, and the four days elapsed, and the defendant's attorney afterwards refused to receive the costs; that the non-payment of them, according to the rule of the Supreme Court, was wholly owing to the failure of the defendant's attorney to send the bill, according to his promise. That he, immediately after the four days, perfected his judgment, and issued an execution. That the plaintiffs applied to a judge of the Supreme Court for an order to stay proceedings, who refused it, on the ground that the plaintiffs had not fulfilled the conditions on which the rule for a new trial was granted, as the 810 dollars was not paid in *specie*, nor the costs paid within the four days. That the plaintiffs did not know that specie was required. The bill prayed for an injunction, &c., which was granted.

The *answer* of the defendant denied all the material facts charged, on which the equity of the bill was founded.

*W. Slosson*, for the defendant, moved to dissolve the injunction.

*H. S. Dodge*, contra.

THE CHANCELLOR. This is a motion to dissolve the injunction, staying execution at law, upon the coming in of the answer.

The object of the bill was to obtain a new trial at law. The defence of the present plaintiffs, if any they have, was legal and available at law, and if this Court could grant relief, it would be by requiring the present defendant to submit to a new trial. But it appears to me, after a very careful consideration of the case, as disclosed by the bill and answer, that I cannot retain the injunction consistently [*231] *with the established doctrines of this Court. The plaintiffs, by their own negligence, or that of their attorney, suffered an inquest to be taken against them, by default, at the last *April* sittings, in *New-York*. They then applied

to the Supreme Court for relief, and relief was granted upon certain conditions, and those conditions were not fulfilled. Here was a second default, and this Court cannot now interfere. The answer of the defendant completely denies, not only every suggestion of equity contained in the bill, but every circumstance set up as an excuse for not performing the conditions upon which the rule, setting aside the inquest, was granted. It was the duty of the plaintiffs, within the time limited by the rule, to have deposited the money in Court, and given notice of it, and to have paid or tendered the costs. This they neglected to do, and the fact charged, that a copy of the taxed bill was previously, by agreement, to have been furnished to the attorney for the complainants, is denied. They should, at all events, have tendered a sum sufficient for the taxable costs, and left the opposite party to have taken out the true sum at his peril.

It is stated, in *Wyatt's P. R.* 145. that where a party is to pay costs for his default, he must procure them to be taxed, if he would set himself *rectus in curia.*

After so palpable a neglect of the cause, as occurred at the *April* sittings, and after so strict and precise a condition as that on which the subsequent relief was made to depend, it is surprising that the plaintiffs should have been so little on their guard; and it is impossible to expect aid in this Court, unless the failure to comply with the condition arose from the act of the opposite party, or some unavoidable necessity. There is no excuse for it set up on one side, but what is completely denied on the other; and in addition to this, we have the decision of the recorder, and also of a judge of the Supreme Court, each passing an *opinion upon the validity of the excuse, and each rejecting it.

[ * 232 ]

This Court has frequently declared, that relief cannot be had here for the purpose of a new trial at law, when the party has lost his opportunity at law, by his own negligence. I need only refer to the cases of *Lansing* v. *Eddy,* (1 *Johns. Ch. Rep.* 49.) *Simpson* v. *Hart,* (*Id.* 91.) *Smith* v. *Lowery,* (*Id.* 320.) and *Barker* v. *Elkins,* (*Id.* 465.) as containing not only all the *English* authorities which I have met with on the subject, but a full exposition of the principles on which the interference of this Court is, in such cases, denied. I am not at liberty to depart from a rule so fully established; and, however I may regret the misfortune of the plaintiffs, the motion to dissolve the injunction must be granted.

Injunction dissolved.