1831.<br>Graham<br>v.<br>Stagg.

## GRAHAM vs. STAGG.

The court of chancery will not entertain jurisdiction of a cause upon the ground that the complainant, by mistake, interposed a plea in a suit at law, which did not cover his defence to such suit; where, by the ordinary practice of the court in which such suit was pending, he would have been permitted to amend.

Although a jurat to an answer is not in the precise form prescribed by the rules, yet, if the answer is retained by the complainant five months without objection, the informality cannot be urged by him as a ground for refusing a motion to dissolve an injunction; especially where the jurat would be deemed sufficient upon an indictment against the defendant for perjury.

THIS was an application to dissolve an injunction, on the coming in of the answer. The facts appear in the opinion of the court. <span style="float:right">January 24th.</span>

THE CHANCELLOR. The complainant was sued at law upon the covenants, contained in a lease to him from Stagg, for the recovery of the rent of the demised premises. The only equity charged in the bill is that the complainant assigned the lease to one Houston, and that Stagg took from the latter a surrender of the lease, and thereby discharged the lessee from his covenants. The answer of the defendant denies all knowledge, information or belief that any such assignment was made, or that the defendant ever had any transactions whatever with Houston, or any other person, as to a surrender of the lease. On the contrary he alleges that long after the pretended assignment the complainant continued to pay the rent, and until he became insolvent and left the state. That in consequence of the neglect of the lessee to pay the assessments, according to his covenants, the premi-

1831.

Graham
v.
Stagg.

ses were sold for a term of years, not yet expired, by which the defendant has lost all remedy for the recovery of the rent, except by the suit on the covenants. The affidavit, made at the time a mortgage of the premises was given, is fully explained, even if the defendant was not technically correct in point of law in saying the premises were free of incumbrances, &c.; for he says the mortgagee, at the time of making the affidavit, was distinctly informed of the existence of this lease. All the equity of the bill is therefore denied by the answer. If all the facts alleged in the were true, I am inclined to think the complainant had a perfect defence at law, by the ordinary application to the equitable powers of the court of law to amend his plea. This court ought not to take cognizance of a cause merely because a party has by mistake put in a plea which does not cover his defence in a court of law; when by the ordinary practice of that court he would be permitted to amend. The objection that the jurat to the answer is not in the precise form prescribed by the new rules might have been sufficient to have prevented the filing of the answer, or as the foundation of a motion to set it aside. But after keeping it in his possession five months without objection, it is too late for the complainant to urge this informality as a ground for refusing this motion. The form of the attestation in this particular case is sufficient to make it perjury in the defendant, if he ever took a surrender of the lease, or discharged the complainant or any other person from liability on the covenants. It in the same form as the jurat to the bill on which the injunction was allowed.

The injunction must therefore be dissolved.