HENRY O'HARRA *v.* A. O. Cox, Sheriff and Tax Collector, and
L. C. MAXWELL, Assessor, etc.

1. BILLIARD TABLES AND DRINKING SALOONS: HOW TAXED; NOT TAXABLE WHEN NOT LICENSED. — Where, from any cause, a drinking saloon is not licensed by the proper authority, the owner may be liable to the penalties of the statute for selling in less quantities than one gallon, but the board of police has no right to assess him under the Act of December 5, 1865, on his drinking saloon, without his being licensed; a billiard table kept for public play was subject to taxation under said act, although not licensed.

2. CHANCERY PLEADING AND PRACTICE, INJUNCTION: DEMURRER. — It is

a general rule, that a demurrer cannot be good as to a part which it covers and bad as to the rest; and therefore it must stand or fall together. Story's Eq. Pl. § 443; Cooper's Eq. Pl. 113, 112; 1 Vesey, 248; 1 Johns. Ch. Rep. 57; 1 Mont. Eq. Pl. 99, 100, 110.

ERROR to the Chancery Court of Lawrence county. Hon. John E. McNair, chancellor.

*C. E. Hooker* for plaintiff in error.

*Jasper Myers* for defendants in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This is a bill filed in the Chancery Court of Lawrence county, by plaintiff in error against defendants in error, on the 12th of February, 1868, to May Term.

It is alleged in the bill that plaintiff in error was disabled from making a living by manual labor, having lost a leg in the service of the State of Mississippi, and that in consideration of having rendered valuable services for the State, and on account of the loss of his leg, the legislature of the State " did at the October session, 1865, pass an act for the relief of Henry O'Harra; that said act granted to plaintiff in error the right to keep a billiard table and drinking saloon, in the town of Brookhaven, free from State and county taxes, or license from the board of county police, or from any State or county authority."

That plaintiff in error, " in pursuance of the said act of the legislature, did erect a billiard table, and opened a drinking saloon in said town, in said county, not knowing or believing that he would be called upon to pay tax or obtain license of any kind for keeping the same." Also alleges that L. C. Maxwell, assessor of taxes in and for said county and State, and A. O. Cox, sheriff of said county, combining and confederating, etc., to annoy and injure the plaintiff in error, and not regarding said act of the legislature in his behalf, have proceeded to assess the sum of $200 for the State of Mississippi, and the sum of $308 for the county tax of Lawrence county, against plaintiff in error, and the said Cox, as sheriff, is about to seize and sell his

property to pay said taxes of $508; and alleges that the said defendants in error pretend that the said act of the legislature, for his benefit, does not authorize plaintiff in error to keep a billiard table and drinking saloon, free from taxation, etc.

. This bill was demurred to by defendants in error, at the same term of the court, and the following grounds of demurrer assigned:

"1. The same is without equity on its face.

"2. The act of the legislature referred to by complainant will not bear the construction placed upon it by his bill."

The demurrer was sustained, and the bill dismissed, and hence the suit is brought into this court by writ of error.

The plaintiff in error relies upon the private act of the legislature, passed at the October Session, 1865, for his benefit, as an exemption from the taxation imposed by the general law upon billiard tables and drinking saloons.

The only question for our determination is, whether the act pleaded by plaintiff in error, passed on the 21st day of November, 1865, for "the relief of Henry O'Harra" (p. 323, Pamphlet Acts, 1865), exempts him from taxation.

This act authorizes Henry O'Harra "to erect and keep a billiard table in the town of Brookhaven, in said Lawrence county, *upon paying such tax therefor as the board of police of said county and the law shall require.*"

At the time of the passage of the act in question, it would seem that the legislature supposed the act in the Revised Code, p. 598, art. 151, chap. 64, making it a penal offence "to keep or exhibit any billiard table for public play," etc., was still in force, and that they were granting to plaintiff in error a special privilege, exempting him from the penalties prescribed against the violation of provisions, in art. 151 above referred to, of the Revised Code, unless they supposed the town of Brookhaven was an unincorporated town.

At the time of the passage of the act for the benefit of O'Harra, the legislature had passed an act on the 14th day of November, 1865, which took effect from and after its passage (p. 157, Pamphlet Acts of 1865), which conferred the power upon

the "corporate authorities of all cities and towns in this State to pass such laws and ordinances, not inconsistent with the constitution of the State, etc., as they shall deem expedient for the control and regulation of all drinking saloons and billiard tables; and the same to license or refuse to license, as they may judge expedient," etc.

This Act of the 14th of November, 1865, repealed the provisions of art. 151 of chap. 64 of Revised Code, and at the time of the passage of the act in his favor (November 21), he could have obtained a license from the corporate authorities of the town of Brookhaven to keep a billiard table for public play, provided the town of Brookhaven was at that time an incorporated town.

The act in his favor, then, could be of no benefit to him, unless the legislature intended by the act that a license from the board of county police should authorize him to erect a billiard table exempt from taxation by the town authorities of Brookhaven.

Taking this view of the act as the intention of the legislature, could the plaintiff in error erect a billiard table in the town of Brookhaven, without paying for the privilege such tax as the board of police of Lawrence county should see proper to impose upon him? It seems clear to us that he could not. It was intended by the act in question that O'Harra should pay the tax to be assessed, as a condition precedent, before he should erect his billiard table for public play.

He does not allege that he paid any tax assessed against him by the board of police before he erected his billiard table in Brookhaven; on the contrary, he insists that the act did not require that he should pay any tax for the privilege of erecting his billiard table and keeping his drinking saloon. Even if plaintiff in error was not required to pay in advance for the privilege, conferred by the act in his favor, of erecting a billiard table for public play in the town of Brookhaven, certainly he was required to pay such tax as the board of police should levy subsequent to the erection of the table under the act for his relief.

If the board of police assessed the tax complained of by plaintiff in error, after he had erected his billiard table in Brookhaven, which unquestionably they had the right to do under the act in question, plaintiff in error is liable, and should pay it; but if it is true, as alleged, that the assessor of the county assessed this tax without authority, there can be no question as to the illegality of the assessment in this particular.

The town authorities of the town of Brookhaven did not tax the billiard table or drinking saloon of plaintiff in error, so far as we are able to ascertain from the record; even if they did, it cannot affect the question at issue in this controversy.

It will be observed that the act in question does not confer upon O'Harra the right to keep a drinking saloon in the town of Brookhaven; this allegation of plaintiff in error is unsustained by the act. It would seem from this allegation, that the act for the relief of O'Harra was not before counsel when the bill was prepared. O'Harra should have obtained a license to keep a "drinking saloon" in the town of Brookhaven, in connection with his billiard table, either from the town authorities, if any, or from the board of county police of Lawrence county; his failure to do either, rendered him liable to the penalties of the statute for selling spirituous liquors in less quantities than one gallon, without license.

And if he sold liquors at retail without license — and so far as we can ascertain from the record, he did so sell — then it is clear that the board of county police of Lawrence county could not assess him, unless he had obtained a license from the town authorities of Brookhaven, if there were town or corporate authorities at the time he opened his drinking saloon; neither could O'Harra be assessed for the State tax, under the Revenue Act of 5th December, 1865.

The board of police should have assessed plaintiff in error for a license, and received the money for the same, in pursuance of arts. 3, 4, and 5, chap. 20, of Revised Code, pp. 197-8. The board of police having failed to do this, as appears from the record, the county could not have him assessed, as alleged.

If he had a license from the corporate authorities of Brook-

haven at the time he was assessed (which is not probable), the case would be different, and he would be liable for the tax attempted to be collected, if assessed, by the board of county police of Lawrence county.

After the passage of the Revenue Act of the 5th of December, 1865, the plaintiff in error became liable for the State tax, for keeping a billiard table for public play.

There is nothing in the act for the relief of O'Harra exempting him from the operation of the State tax on billiard tables.

The demurrer was well taken to the allegations of the bill of plaintiff in error, relative to the State tax assessed against O'Harra for the billiard table; but it was too general, as it covered the whole bill, and was good, only to the extent above mentioned.

It is a general rule that a demurrer cannot be good as to a part which it covers, and bad as to the rest; and therefore it must stand or fall together. Story's Eq. Plea. § 443, p. 400, rev. ed.; Cooper's Eq. Plea. 113, 112; 1 Ves. 248; 1 Johns. Ch. Rep. 57; 1 Mitf. Eq. Plea. 99, 100, 110.

For this error the decree must be reversed, the assignment being well taken.

Let the decree be reversed, demurrer overruled, cause remanded, and ninety days given for defendants in error to answer.