ROBINSON *v.* WHEELER, ADMINISTRATOR.

Where a party has suffered judgment to go against him in a suit at law when he had a valid defence, a court of equity will, as a general rule, refuse to relieve him.

If a discovery is needed to enable him to establish his defence, he will be required, ordinarily, to seek it while the suit at law is pending, or equity will not relieve him.

If any fact is disclosed that clearly shows it to be contrary to equity and good conscience to execute a judgment obtained at law, and the party could not avail himself of it as a defence, or was prevented doing it by accident or the fraud of the other party, unmixed with any fault or negligence of himself or his agents, he may apply to equity for relief.

But if his defence at law fails because he could not be a witness for the reason that the other party is an administrator, his bill in equity not disclosing any new and decisive evidence, but merely seeking a new trial, the bill will be held bad on demurrer.

A court of equity will not suspend proceedings at law to enable the defendant to obtain an adjustment of partnership concerns that he may set off a balance due him from the plaintiff, unless the bill shows that a balance will be due to him on taking a partnership account.

IN EQUITY. The bill, by William Robinson against Eben T. Wheeler, administrator *de bonis non*, of Myron W. Wood, alleged that the plaintiff, on the nineteenth of November, 1860, upon the positive assurance of the intestate that a certain stallion was sure to get mares with foal, purchased of the intestate one half of said stallion for two hundred dollars, giving his note for that sum ; and that he also formed a partnership with the intestate in the business of keeping and using said stallion as a stock horse ; that the stallion was not sure to get mares with foal, but was, on the contrary, so extremely uncertain as to be very nearly worthless as a stock horse ; that the plaintiff paid out considerable sums on account of the partnership, but that the business proved unprofitable ; that the plaintiff favored a dissolution as soon as he learned the truth about the stallion, but, owing to the intestate's reluctance to dispose of the stallion, and his repeated assurances that he never would call upon the plaintiff to pay said note, the plaintiff did not insist upon his legal right to dissolve the copartnership ; that, on March eleventh, 1869, after the decease of the intestate, his administrator sued the plaintiff on the note ; that the plaintiff was unable, upon the trial of said action, to show a failure of the consideration of said note, because no one was cognizant of the facts respecting said purchase and representations except said Myron W. Wood and the plaintiff ; and in consequence of the decease of said Myron, and in consequence of the statute respecting witnesses, the plaintiff was not allowed to testify, although he offered himself as a witness upon said trial ; that the plaintiff, upon said trial, was also unable to file his claim for one half the moneys expended by him for the partnership as a set-off against the note ; and that a verdict was returned against him. The bill prays that the administrator be perpetually enjoined from entering up judgment upon said verdict ; and also prays for an account of the partnership transactions, and a decree for the balance which may be due the plaintiff on such account. The defendant demurred to so much of the bill as seeks an injunction or relief against the suit at law, and, as to the prayer for an account, he filed an answer.

Subject to exception, the demurrer was sustained.

*Briggs & Harnden*, for the plaintiff.

*Sawyer & Stevens*, for the defendant.

BELLOWS, C. J. It is laid down by Chancellor KENT, in *Duncan v. Lyon*, 3 Johns. Ch. 356, as a settled principle, that a party will not be

aided after a trial at law, unless he can impeach the justice of the verdict or report by facts, or on grounds of which he could not have availed himself, or was prevented from doing it by fraud or accident or the act of the opposite party, unmixed with negligence or fault on his part; and this, he says, has been so often ruled, that it cannot be necessary or expedient to discuss it again.

He says, also, if the principle was to be materially relaxed, it would soon be perceived and felt to be a great public grievance, by encouraging negligence, protracting litigation, exhausting parties, and drawing within the cognizance of this court the general review of trials at law.

In *Marine Insurance Company* v. *Hodgsdon*, 7 Cranch 332, MARSHALL, C. J., lays down the doctrine thus,—" that without attempting to draw a precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself at law, or of which he might have availed himself at law, but was prevented by fraud or an accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery.

The same general doctrine is recognized in *Foster* v. *Wood*, 6 Johns. Ch. 90, and *Lansing* v. *Eddy*, 1 Johns. Ch. 49; and this doctrine is also recognized in our own State in *Hibbard* v. *Eastman*, 47 N. H. 507. The relief on the ground of accident seems to be concurrent with the remedy at law, by petition for new trial, and may, perhaps, be governed by rules substantially the same.

As a general rule governing courts of equity in respect to judgments at law, a party who has suffered judgment to go against him when he had a valid defence at law cannot be relieved in equity. If a discovery is necessary to enable him to establish that defence, he will be required, ordinarily, to seek it while the suit at law is pending, or equity will not relieve him.

If, however, the party has been prevented from availing himself of such defence at law, by accident or fraud of the other party, without negligence or fault on his part, he may come into equity for relief.

It has even been held in New York that where the defendant could not avail himself of a defence at law for the reason that the facts to be proved were in the knowledge of the parties to the record alone, who could not be witnesses, and a judgment was accordingly obtained, that a suit in equity might be maintained for relief where one of the parties to the record, having in fact no interest in the suit, might be examined as a witness. *Norton* v. *Woods*, 5 Paige Ch. 249.

In that case, the suit at law was brought by partners, one of whom had sold out to the other, and by him the defendant proposed to prove his defence; but he was held to be inadmissible, as were his admissions made after his assignment.

The court of chancery also held that the answer of this partner to a bill of discovery could not have been held as against the other partner,

and that the only way to reach it was by a bill in equity for relief, where the party having no interest might be examined.

The court hold to the general rule, that if a valid defence could have been made to the suit at law, it ought to have been done, even if the aid of a bill of discovery had been necessary, and equity would not interfere unless a satisfactory excuse for the omission was given.

In *Miller* v. *McCan*, 7 Paige Ch. 451, McCan sued Suydam & Miller on a promissory note signed by Miller as surety ; and Miller's defence was, that McCan, with the knowledge that Miller was only surety, had, by an agreement with Suydam, extended the time of payment without Miller's assent; but, as neither Suydam nor McCan was a competent witness, and they alone were cognizant of the facts, the defence could not be maintained.   Miller then brought his bill in equity against McCan to restrain the collection of this note against him, alleging that such an agreement was made between McCan and Suydam, and that it was known only to them ; so that without the testimony of one of them the defence could not be established.

The court held that Suydam was a competent witness, and sustained the bill, and restrained the enforcement of the claim against Miller, judgment in the suit at law having being obtained since the suit in equity was commenced.

. These are cases, not of simple failure to establish a defence at law because of a preponderance of evidence against the defendant, and a review thereupon in equity, but they are cases where the knowledge of the facts is solely in parties to the record, who, by the technical rules of law as then existing, could not be witnesses ; and it is made to appear that in the suits in equity those persons could testify, and would establish the defences, nor was there any want of diligence shown on the part of the defendants.

If a doctrine like that of these New York cases is recognized at all, it should be only in strong cases, taking care that no countenance be given to the bringing within the equity jurisdiction the general review of trials at law.

In the case before us; the matter now set up was available as a defence at law, but it failed for the reason, as alleged, that Robinson could not testify, because the adverse party was an administrator.

The same disability exists in equity, and there is, indeed, nothing stated in the bill that makes any other case than an attempt to sustain the defence in equity upon the same evidence that proved to be insufficient at law.

If a discovery was now sought, the objection would at once arise that it could as well have been done in aid of the suit at law, and no sufficient reason has been given for the delay.

In fact, if this bill can be sustained, it would open a wide door for the review in equity of all cases at law where there had been a deficiency of evidence.

Had the bill disclosed some new and decisive evidence, as the finding of a lost receipt as in *Gainsborough* v. *Gifford*, 2 P. Wms. 424, 2

Story Eq., sec. 879, and the like, so that the court can see that the object of the bill is not simply to try over again the old issue on the same testimony, but a . new case is really made, a different question would arise ; but nothing is shown here to distinguish this from an attempt to review an ordinary trial at law.

In respect to the matter of set-off, the now plaintiff states that he paid out sums of money on account of the partnership, and asks that an account of the partnership concerns be taken, and that the defendant be decreed to pay the plaintiff the amount found to be justly due him ; but there is no allegation that any amount *is* justly due him.

If in any case equity would interfere to suspend proceedings at law in order to enable a defendant to procure a settlement of partnership affairs between the parties, and enable the defendant to set off, in some form, a balance due him on such settlement, it could only be where it was made to appear that a balance was actually due.

Here there is no allegation that any balance would be due this plaintiff on the settlement of the partnership concerns, and for aught that appears the balance may be the other way. Under such circumstances equity ought not to stay the suit at law.

There are other difficulties to be encountered, such as the want of an exhibition of the claim to the administrator in two years, and the failure to bring suit in three years, which we have not considered.

*Exception overruled, and demurrer sustained.*