By the Court.—Sedgwick, Ch. J.
The complaint seeks to set aside judgments at law, in several actions that have been tried, and to interpose the defence of fraud in those actions. The plaintiff’s right, as claimed for this relief, is placed upon those allegations of the complaint that relate to the plaintiff’s claim, that the fraud was discovered, since the judgments, from evidence, also since then discovered.
I do not examine whether the defence, if interposed and sufficiently proved, would result in a verdict for plaintiff, and do examine the complaint, to ascertain, whether it shows that such a defence would be sustained by the evidence that the complaint alleges has been newly discovered.
The present complaint is of the same nature as the former bill of review that might be brought* upon the discovery of new matter. To secure leave of the court, which it was necessary to obtain to file the bill, it was also necessary to present an affidavit that, among other things, should show the nature of the new matter, in order that the court might exercise' its judgment upon its relevancy and materiality. *18 The new matter was to be such as, if known, would probably have, produced a different determination. Story’s Equity Pleadings, §§ 412, 413; Wiser v. Blachly, 2 Johns. Ch., 488; Livingston v. Hubbs, 3 Ib. 124; 2 Dan. C. P. 1578, note. This was the rule in the case of an application for a review in equity. But its principle applies to a case of a judgment at law which a complaint asks to review. Of this, it is said, that a new trial will not be granted unless there can be no doubt as to the result if the case goes to another jury. 2 T. & W. L. C. in Eq., p. 1383.
In motions for a new trial at law for newly discovered evidence, it was necessary to show with precision who were the new witnesses, and the facts'to which they could testify. It is generally necessary to present the affidavit of the new witness. This was to show the court that a different result would probably follow the introduction of new proof.
Equity refused to interfere, when there might be relief by motion at law. Simson v. Hart, 14 Johns. 77.
I am of opinion that a complaint, like the present, if sustainable as setting forth a cause of action, should allege the facts newly discovered with the same particularity as was necessary in the affidavit preliminary to filing a bill of review, or as is necessary on a motion for a new trial, and that especially it should allege the facts, and not merely the result of the judgment of the plaintiff upon the facts said to be newly discovered.
The_ case made by the complaint, in respect of matters now under review, is sufficiently described by the following references to it. 'After alleging that certain investigations were made it proceeds thus: “As the result of such investigation this plaintiff is now in possession of numerous facts which constitute a sufficient defence, which said facts are of such a nature that they could not with the exercise *19 of due diligence, have been discovered in time for their production upon the trial, &c., &c. Such facts were derived in many instances, from the statements of laboring men, or from employees of the defendant, or residents of the vicinity, &c., &c. In other instances they were derived from the statements of engineers and others.” It does not here appear that the matters, called facts, were facts, or what was their weight and significance. It does not appear to the judgment of a court that the matter would tend to support a defence of fraud. The allegations disclose no more than the opinion of plaintiff.
The complaint, also as to Duffy alleges: “ Said Duffy was twice called as a witness and examined de bene esse on behalf of the defendant Bernard Brady in the suit before referred to, in which he is plaintiff, under a pretended claim that said Duffy was about to leave the State, the first of such examinations being held on the 6th day of March, 1886, and the second on the 28th day of January, 1887. Between the dates of such examinations, to wit, on the 29th day of July, 1886, and the 7th and 13th days of December, 1886, and the 8th day of January, 1887, said Duffy was examined before the Commissioners of Accounts, and from the testimony there given by him in connection with his cross-examination upon his second examination de bene esse, and certain other independent examinations made by said commissioners, the evidence was obtained of the fraudulent and corrupt manner in which the aforesaid report was procured and the award of. said contract thereby effected. Such evidence was not complete, however, nor available to this plaintiff, until some months after the preparation of said affidavits and motion papers.
In this, a general inference from many things, is called evidence. Whether the pleader is justified in calling it evidence is not made to appear. There *20 is no statement of what the facts are and of the witnesses who can prove them, and whether the testimony of such witnesses can now be produced. The complaint does not allege what Duffy testified, and what he is now willing to testify to. From the generality of the statement it is possible that facts sufficient to apprize the plaintiff of the fraud, and which are the facts upon which the plaintiff substantially relies to prove the fraud, came to its knowledge in time for their use before Judge Van Yorst’s decision. If this were so, the plaintiff might have had the legal remedy to which it should resort before resorting to equity, 2 Paige, 321; Dodge v. Strong, 2 Johns. Ch. 228, and cases cited. The complaint in saying “ such evidence was not complete nor available to this plaintiff,” puts a construction upon the evidentiary force of the facts which might not be justified if the facts were alleged and the exact time when they were first known.
For the reason that the complaint does not show what is the supposed newly-discovered evidence, and who are the witnesses that can give it, the judgment and order appealed from should be affirmed.
In the appeal from the order allowing the defendants their costs severally, the finding of the judge on the facts before him is conclusive. He was of the opinion that the several demurrers were interposed in good faith for the protection of several interests.
Order affirmed with $10 costs.
Freedman and O’Gorman, JJ., concurred.
In the same case.
Appeal by plaintiff from an order vacating an order of injunction.
Same counsel.
*21 By the Court.—Sedgwick, Ch. J.
On the motion below the facts of the case were fully examined. The preponderance of the evidence to support the allegation of fraud in the complaint was not with the plaintiff. Perhaps the plaintiff very thoroughly showed the worthlessness of Duffy as a witness. It was not shown that his testimony could be relied upon to prove the fraud. Even if it were clear that some fraud of some kind had been perpetrated, there was no proof that the particular fraud set up in the complaint had been committed. It is also manifest that upon a trial the method of the examination of Duffy would be objectionable in vital respects.
The complaint is also demurrable.
The order should be affirmed with $10 costs to abide the event of the action.
Freedman and O’Gorman, JJ., concurred.