FOSTER and others *against* T. M. WOOD.

This Court will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant, in the judgment, was ignorant of the fact in question pending the suit, or it could not be received as a defence at law, or unless, without any neglect or default on his part, he was prevented, by fraud or accident, or the act of the opposite party, from availing himself of the defence.

As, where a defendant paid part of a judgment, recovered against him, and the plaintiff in that judgment, afterwards, brought an action of debt on the judgment, in which *F*. became special bail, and recovered a second judgment for the whole of the original debt, and costs, against the defendant, who neglected to prove the payment, which was omitted to be credited by the plaintiff, who, afterwards, sued *F*., the special bail, and recovered judgment against him for the whole debt, damages, and costs, by default, *F*. being ignorant of the payment made by the principal on the first judgment: *Held*, on a bill filed by *F*., the bail, that he was not entitled to relief.

THE bill stated, that the plaintiff, *Foster*, on the 30th *April 15th*, of *August*, 1815, was seised in fee of lot No. 147, in the *Onondaga* reservation; and, in *November*, 1815, sold and conveyed to the plaintiff, *Bissell*, for the consideration of 2,600 dollars, 100 acres of the lot, and the residue of the lot to the plaintiff, *Peck*, for the consideration of 4,400 dollars. That *B*. and *P*., the purchasers, received warrantee deeds, and have made valuable improvements on the lands conveyed to them. That in *May* term, 1803, the defendant recovered judgment against *Elijah Phillips*, and *Elias Stillwell*, in the Supreme Court, for 142 dollars and 91 cents, in an action of assumpsit, in which *S*. alone was arrested, and issued a *fi. fa.* against their joint property, and the separate property of *S*. That *S*., on the 22d of *August*, 1803, paid the defendant *seventy-six* dollars on the judgment and execution. In 1812, the defendant brought

an action on the judgment against *Phillips* and *Stillwell*, and the plaintiff, *Foster*, became special bail for *Phillips*; and the defendant, in *August*, 1812, recovered judgment in that suit against *P.* and *S.* for 142 dollars and 91 cents debt, and damages and costs, amounting, in the whole, to 317 dollars and 44 cents, no credit having been given or allowed by the defendant for the 76 dollars paid by *S.* on the first judgment; but if that credit had been given, the defendant could have recovered only the costs as in a Court of Common Pleas. That the plaintiff became fixed as special bail, confiding in the ability and integrity of *P.* to indemnify him, and was ignorant of the payment of the 76 dollars by *S.*, as above mentioned. That not knowing of any legal defence, *F.* suffered judgment, by default, to pass against him on his recognisance, in *October* term, 1815, for 317 dollars and 44 cents, and the damages and costs were taxed at 87 dollars and 76 cents. That the defendant issued an execution on this judgment against *F.*, who paid to the defendant, on the 28th of *October*, 1815, the sum of 258 dollars and 98 cents, being more than would have been due to him for the debt, damages, and costs, if the 76 dollars, paid by *S.*, had been duly credited by the defendant. That the plaintiffs, *Peck* and *Bissell*, knew nothing of the encumbrance of that judgment until *February* last. That the defendant, though he resides within a mile of *P.* and *B.*, gave them no information of the judgment. That *Phillips* died insolvent, on the 10th of *August*, 1815, without paying to *F.* any part of the judgment against him. That the plaintiff, *F.*, is insolvent, and unable to save the plaintiffs, *P.* and *B.*, harmless. That the defendant has lately caused all the right and title of *F.* to the lands so sold by him to *P.* and *B.*, to be advertised for sale under his judgment against *F.*, to satisfy the balance claimed by him, amounting to 200 dollars, including interest and Sheriff's fees. The plaintiffs charged, that the credit of the 76 dollars, paid by *S.*, was fraudulently

omitted by the defendant, and was neglected to be proved by *P.* and *S.*, in the second suit against them, on the first judgment. The bill *prayed*, that the defendant be decreed to allow the seventy-six dollars, as of the time when it was paid, and that the costs of the judgment be reduced to costs of a Court of Common Pleas, and that the plaintiffs may be relieved on paying the balance only, and for an injunction to stay execution, &c.

The defendant *demurred* to the bill, because, if the charges were true, which he did not admit, there was no ground of relief in equity, as *P.* and *S.* had a good defence at law, as to the pretended payment, and that the plaintiff, *F.*, could not, as special bail, make any defence which might have been made by *P.* and *S.*

*E. Clarke*, for the defendant. He cited 1 *Madd. Tr.* 438. 2 *Madd. Tr.* 230. *Prec. in Ch.* 221. 3 *Johns. Ch. Rep.* 351. *Cooper's Tr.* 58. 60. 1 *Harr. Pr.* 58. *Mitford*, 42. 8 *Johns. Rep.* 77.

*Randall*, for the plaintiffs. He cited 1 *Johns. Ch. Rep.* 56. 98.

The Chancellor. The plaintiffs cannot be relieved upon the facts stated in the bill. The *gravamen* is, that after the defendant had recovered a judgment at law against *the plaintiffs* and *Stillwell*, the latter paid him 76 dollars, in part satisfaction of the judgment; and that in the subsequent suit at law upon that judgment, no credit was given or allowance made by the defendant for that payment. But why did not *P.* and *S.* plead, or give in evidence, that payment? They were both sued upon the judgment, but the bill omits to state whether both of them were taken and brought into Court. It only states, that the plaintiff, *Foster*, became special bail, in the suit on that judgment, for *P.*, nor does the bill state whether or not *P.*

1822.

Foster
v.
Wood.

and S., or either of them, pleaded to that suit on the judgment. I should infer, that both P. and S. appeared and pleaded, and went to trial in that suit, because the bill adds, that the payment of the 76 dollars was " neglected to be proved by P. and S. in the suit upon the judgment against them." Be that as it may, the payment of the 76 dollars was not proved, and the defendant recovered a second judgment against P. and S., and he then proceeded to a suit on the recognisance of bail against the plaintiff, Foster, as special bail for P. and the plaintiff. Foster suffered the defendant to take judgment by default against him, " confiding in the ability and integrity of P. to indemnify him." After all this neglect, can this Court now, at the instance of Foster, the special bail, or rather at the instance of the other two plaintiffs, who are purchasers from him of the land charged with the lien of that judgment, sustain an inquiry into the fact of the payment? This would be contrary to the settled doctrine of the Court, founded on a series of adjudged cases. The rule is, that Chancery will not relieve against a judgment at law, on the ground of its being contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part. (Lansing v. Eddy, 1 Johns. Ch. Rep. 51. Duncan v. Lyon, 3 Johns. Ch. Rep. 351.) And if P. and S., the parties to the judgment, could not now be permitted to overrule the judgment, their special bail, who was afterwards sued, and suffered judgment to pass against him, cannot be permitted to do it. He is concluded by the judgment regularly obtained against his principal, and the bill raises no charge of fraud or collusion between the defendant and P. and S. to injure and oppress the bail.

I am, accordingly, of opinion, that the demurrer ought to be allowed, and the bill dismissed, with costs.