ALFRED B. SMITH et al., Appellants, *v.* THOMAS NELSON et al., Respondents.

The judgment of a competent court will not be annulled in an independent action or proceeding for suspicion of fraud merely, or because there was a good defence to the action of which the defendant omitted to avail himself, if the facts were known, or might, with reasonable diligence, have been ascertained by him.

The power of the Supreme Court to annul a judgment for fraud will only be exercised in clear cases.

Where, in an action brought to annul a former judgment, the complaint denied that various steps were taken in the former action

necessary to authorize a decree, *held*, that this was not equivalent to an averment that the steps were not taken, especially in a case where the plaintiff was not a party to the former action, and so not presumed to have had personal knowledge of the proceedings.

General averments of misconduct upon the part of the attorney or solicitor of the defendant in the former action, are insufficient, in the absence of an averment that defendant was misled or deceived as to his defence, or as to the proceedings in the action.

(Argued June 3, 1875 ; decided June 15, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of the defendants, entered upon an order dismissing plaintiffs' complaint.

This action was brought to set aside a judgment of foreclosure and sale, and a sale thereunder, and to recover possession of the mortgaged premises. Plaintiffs claimed title to the premises as heirs at law of Thomas Smith. The complaint alleged, in substance, that said Smith executed a mortgage upon the premises ; that various payments were made by him thereon, and then set forth an agreement with the mortgagee, by which plaintiffs claimed the mortgage was, in effect, paid. It further alleged that the mortgagee, instead of cancelling, assigned it as collateral security for a debt owing by him, and thereafter conspired and corruptly agreed with the assignee that he should foreclose the same ; that he thereupon filed a complaint in the late Court of Chancery for a foreclosure ; that Smith duly served an answer, setting up the said agreement, and alleging payment.

The complaint then averred that certain steps were taken in said action, and as to various others, denied that they were taken. It also alleged that the solicitor employed by Smith, " in violation of his duty as solicitor of said court, and in violation of all legal proprieties," was employed for the mortgagee, who was made defendant in said action, and acted in his interest " in the consummation of said scheme of iniquity and fraud." Among other things, the complaint denied that any notice of an order to produce proof or of a hearing was ever served upon or came to the knowledge of

Smith, and alleged that he was ready, and the plaintiffs now are ready, to establish his defence. The complaint then set forth the report of a master, a decree of foreclosure, filed April 3, 1844, and a sale and conveyance by a master in 1844. Various alleged irregularities in the sale were set forth, and the proceedings in the action and on the sale were declared · generally to have been " irregular, fraudulent and void." And it was further alleged that defendants took title and entered into possession with knowledge of the rights, title and interests of said Smith and his heirs. The prayer of the complaint was, that the agreement as to the payment of the mortgage be declared valid and binding, and the mortgage paid and satisfied, and that the same be discharged ; that the ·proceedings in the foreclosure suit and the sale be declared " irregular, erroneous, fraudulent and void," and that plaintiffs recover possession. Upon reading the complaint on the trial, the court ordered that it be dismissed.

*James Stanley* for the appellants.

*D. Pratt* for the respondents.

ANDREWS, J. The complaint does not state facts sufficient to authorize the court to set aside the decree of foreclosure, and the sale thereunder, made in March, 1844.

The power of the Supreme Court to annul a judgment or decree for fraud in procuring it, is undoubted, although the jurisdiction is carefully limited and guarded, and will only be exercised in clear cases. The jurisdiction in one court to vacate, in an independent proceeding, the judgment of another having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it. Courts do not exercise it when there has been negligence on the part of the party seeking the relief. That a judgment is final and conclusive of the right or thing which is adjudicated by it, is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may in fact have been unjustly cast in judgment. It is not sufficient to authorize

the interference of the court, that it is shown that the claim upon which the judgment was obtained was unfounded, or that there was a good defence to the action, or that the court erroneously decided the law, or that the defendant omitted to avail himself of his defence, if before the judgment was rendered, the facts were known or might by reasonable diligence have been ascertained by him. (*Stilwell* v. *Carpenter*, 59 N. Y., 414; *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Foster* v. *Wood*, 6 J. Ch., 89; *Simpson* v. *Lord Howden*, 3 Myl. & Cr., 108; *Powers* v. *Battle*, 3 Green's Ch., 465; *Dobson* v. *Pearce*, 12 N. Y., 157.)

The complaint does not bring this case within the cases which authorize the remedy invoked. The defence now claimed to exist to the mortgage was fully known to the mortgagor when the foreclosure suit was brought, and indeed it was set up in the answer to the bill.

The foreclosure suit so far as it appears proceeded regularly to a decree. There is no averment that the proper steps were not taken to acquire jurisdiction. The plaintiffs it is true state that they deny that various things were done, but this is not equivalent to an averment that they were not done, and especially in a case where the plaintiffs were not parties to the decree sought to be impugned, and are not presumed to have had personal knowledge of the proceedings. There is a general averment of misconduct on the part of the solicitor of the mortgagor, but there is no averment that he misled or deceived the mortgagor as to his defence, or as to the proceedings in the suit. General averments in such a case are insufficient.

The defendants claim under the purchaser on the mortgage sale, made more than thirty years ago, of land which since that time has been occupied under the title derived on the foreclosure, and within settled principles, no case is made in the complaint for disturbing it.

The judgment should be affirmed.

All concur.

Judgment affirmed.