LEWIS SANDERS, Appellant, *v.* AGNES GORDON SOUTTER et al., Individually and as Executors, etc., et al., Respondents.

A cause of action will be deemed to be stated in a complaint whenever sufficient facts to sustain an action can be fairly gathered from all the averments, although the statement of them may be argumentative and the pleading deficient in technical language.

A Surrogate's Court has no power to annul or set aside on the ground of fraud, a release executed by parties interested in an estate to the executors thereof. Such relief may and can only be obtained from a court having equity powers and jurisdiction.

In an action brought for that purpose the court in the exercise of its concurrent jurisdiction with the Surrogate's Court may grant full relief and decree an accounting by executors, a settlement and distribution of the estate.

*It seems*, however, that equity will interfere with such distribution only when complete relief cannot be had in the Surrogate's Court.

*It seems* also, equity will not interfere to set aside proceedings in an action in another court upon charges of fraud which could have been tried and decided in that action, or where relief is open therein by motion, appeal or otherwise.

(Argued March 10, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 12, 1891, which affirmed a judgment dismissing plaintiff's complaint upon trial at Special Term upon the pleadings.

The notice of the action and the allegation of the complaint, so far as material, sufficiently appear in the opinion.

*Lewis Sanders* for appellant. The release of the administratrix, with the will annexed of Robert Soutter, to the executors of James T. Soutter, and the order of the surrogate dismissing her petition thereon, are, so long as they remain in force, effectual bars to any proceeding in the Surrogate's Court of Ulster county to compel an accounting by the executors, either by the present administratrix, or any successor to be appointed in her stead, or to the plaintiff. (*In re Wagner*, 119 N. Y. 35; *Haddon* v. *Lundy*, 59 id. 326; *Stilwell* v. *Carpenter*, Id. 425;

3 R. S. 2299, § 33; *Treat* v. *Fortune*, 2 Barb. 117.) Plaintiff is the proper party to bring the suit. (1 Story's Eq. Juris. §§ 423, 424; *Burroughs* v. *Elton*, 11 Ves. 29; *Good* v. *Daland*, 121 N. Y. 1; *Harrison* v. *Richards*, L. R. [1 Ch. Div.] 475; *Stanton* v. *C. Co.*, 28 Beav. 157; *Emslie* v. *McAulay*, 3 Brown Ch. 531; *Lancaster* v. *Evans*, 4 Beav. 165; *Crouse* v. *Frothingham*, 97 N. Y. 113; *Weetjin* v. *Vibbard*, 9 Hun, 267; *Newland* v. *Champion*, 1 Ves. 105; *Doran* v. *Simson*, 4 id. 665.) Equity will give complete relief. (1 Pom. Eq. Juris. § 234, 235; *Fisher* v. *Hubbell*, 1 T. & C. 98.) This action is a mere substitute for the proceedings in the Surrogate's Court, and if there were no allegations of the devastavit of four-fifths of the estate, there would still be the right for an accounting, the administratrix's release having deprived the surrogate of jurisdiction to proceed. (Code. Civ. Pro. §§ 2726, 2727, 2730.) If, as alleged Robert's executor fully administered on the estate (as far as it came into his hands), then the right of the legatee or his assignee to any remaining portion of the estate is immediate and may be pursued without the intervention of an administrator. (*Sere* v. *Coit*, 5 Abb. Pr. 483.) The real defect alleged is a want in the plaintiff of a legal capacity to sue. Though not well taken, it was waived by a failure to raise that specific objection by demurrer. (*Manning* v. *Oakley*, 122 N. Y. 631; *Secor* v. *Pendleton*, 47 Hun, 283, 284.) The allegations that were in the complaint should have been liberally construed, and the conclusions they warranted drawn, without compelling the pleader to do it. Inferences of law or fact need not be pleaded. (*C. N. Bank* v. *I. & T. Bank*, 119 N. Y. 195; The answer of the defendants, having failed to set up that the plaintiff had an adequate remedy without resort to equity, such defense will not be added and given effect to in the court of last resort.

*Delos McCurdy* for respondents. Assuming that the allegations of the complaint amount to the allegation that the plaintiff became by assignment the owner of the individual, but unascertained and indefinite, interest of the Duchess in

the estate of Robert Soutter, the proof of that fact would not entitle the plaintiff to maintain an action for an accounting either against the executors of Robert Soutter or against these defendants. (*In re Soutter*, 105 N. Y. 514–520.)   Treated as an action to create and enforce a lien of the plaintiffs as an attorney, the complaint fails to state a cause of action entitling him to such relief. (*Randall* v. *Van Wagenen*, 115 N. Y. 527.)   If the plaintiff was entitled to an accounting, the Surrogate's Court is the place for it and not this court.   (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Wager* v. *Wager*, 89 id. 161; *Anderson* v. *Anderson*, 112 id. 115; *Town of Mentz* v. *Cook*, 108 id. 507; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 92 id. 356; *Tilton* v. *Beecher*, 59 id. 176; *In re Atty.-Gen.* v. *C. L. Ins. Co.*, 88 id. 77.)   Whether the release by the administratrix of Robert Soutter, and her approval of the executors' accounts, and the surrogate's decree thereon, dismissing the proceedings against the executors of James T. Soutter are à bar to further proceedings in the Surrogate's Court or not, they certainly form a cloud upon plaintiff's title, and an obstruction to the regular course of proceeding in the Surrogate's Court, and being regular upon their face, required extrinsic evidence to overturn them. (*In re Wagner*, 119 N. Y. 35, 36; *Marsh* v. *City of Brooklyn*, 59 N. Y. 280; *Boyle* v. *City of Brooklyn*, 71 id. 5; *R. P. Co.* v. *O'Dougherty*, 87 id. 481.)

O'BRIEN, J.   On the trial of this action at the Special Term, the plaintiff's complaint was dismissed, as to the defendants Agnes Gordon Soutter and William K. Soutter, as executrix and executor of the will of James T. Soutter, without taking any proof, but on motion of their counsel that the complaint did not state a cause of action against them.   This appeal, therefore, renders it necessary for us to examine the complaint for the purpose of determining whether it was so defective in the allegation of facts as to warrant the trial court in disposing of the case upon a motion to dismiss, based upon an inspection of the pleading alone.   A cause of action will be deemed to be stated in a complaint whenever the requisite allegations

can be fairly gathered from all the averments, though the statement of them may be argumentative and the pleading deficient in technical language.. (*Zabriskie* v. *Smith*, 13 N. Y. 330.)

The rule that justifies the dismissal of a complaint for want of sufficient facts stated was thus laid down by this court in *Marie* v. *Garrison* (83 N. Y. 14, 23). "A demurrer to a complaint for insufficiency can only be sustained when it appears that admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on. demurrer is deemed to allege what can be implied from the allegation therein by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred."

The complaint in this case covers ten closely printed pages of the record, and it deals throughout with what appears, on paper at least, to be weighty and important matters. The precise lines upon which the plaintiff intends to try the case have not been very clearly or distinctly drawn, and the complaint in some respects is wanting in that definiteness and degree of particularity essential to a complete and logical statement of a cause of action. The complaint can be examined in three aspects, and if, upon any view that can be taken of it, sufficient facts can be gathered from the averments to sustain any cause of action whatever, the judgment cannot be sustained. In so far as the statement of the plaintiff's case can be treated as an action to create and enforce a lien in his favor, as an attorney, the complaint is, no doubt, fatally defective. (*Randall* v. *Van Wagenen*, 115 N. Y. 527.)

It is apparent, however, that such was not the purpose or theory of the action. The plaintiff cannot sustain the complaint except upon the theory that it states an independent cause of action in equity to annul and set aside a release made between his assignor and the representatives of the estate of

James T. Soutter, which is alleged to be collusive and to have been made to defraud him of his rights under the assignment, and by force of which he was turned out of the Surrogate's Court, where he was seeking to enforce his claim, and the proceedings dismissed, or that the case is one by a party interested in the estate of James T. Soutter, as the assignee of a legacy or share of the estate, to call the executors to account in a court of equity, under its concurrent jurisdiction, when special obstacles and embarrassments to such a proceeding in the Surrogate's Court are shown to exist, or for relief on both grounds. The complaint alleges that Robert Soutter died July 18, 1873; that he left a will in which he disposed of his property, which was duly admitted to probate. By this will his widow, who subsequently remarried, and in the pleadings in the case is known as the Duchess d'Auxy, became entitled to all his household furniture and one-half the residue of his real and personal property forever. It is then alleged that the plaintiff became the owner of her interest in her husband's estate by assignment for value received, dated on or about August 17, 1887, except the household furniture. It is true the complaint does not state in terms what property was embraced in or covered by the assignment to the plaintiff, nor what estate the Dutchess d'Auxy had at the time of the assignment, nor even what property her husband had at the time of his death, but it does state some other facts from which it may be reasonably implied or inferred that, by the assignment, an interest was transferred to the plaintiff, which he is entitled in some form of proceedure to enforce. It is alleged that on the 8th day of February, 1873, James T. Soutter, the father of Robert, died, leaving a will which was admitted to probate by the surrogate of Ulster county. That he left an estate of more than $1,100,000, one-tenth of which, by the will, was given to Robert, the husband of the Duchess d'Auxy, plaintiff's assignor. That the defendants Agnes Gordon Soutter, the widow, and William K. Soutter, one of the sons, qualified and were appointed executors of this will. That the widow took no active part in the management of the estate, but entrusted

the same to her son, the other executor, whose management she
approved.    That the son was engaged in business with another
party as bankers and brokers, and that on the 28th of Septem-
ber, 1885, they failed, owing upwards of $2,000,000, and
having less than $500,000 assets.    That the executors were
directed by the will to pay over in kind, in proper divisions to
his legatees, the state and other bonds comprising a large por-
tion of his estate.    The complaint then states various acts of
James T. Scutter and the executors of Robert Soutter, acting
together and in collusion, whereby about $800,000 of the funds
of the estate of James T. Soutter were appropriated to their
own use and lost, and that one Porter, the executor of Robert
Soutter, obtained his discharge without having collected or
reduced to his possession the share of Robert in his father's
estate.    If these allegations be true, it follows that Robert
Soutter, who died only five months after his father, did not
and could not have received, either in kind or otherwise, the
large estate which, according to the statements of the com-
plaint, he was entitled to receive under his father's will.    If
the whole estate was wasted and lost by the executors, of
course it could not have been distributed, and if three-fourths
of it was lost by the personal misconduct of the trustees, who
had it in charge, as the complaint says it was, then it must
follow that a large sum was due to the estate of Robert from
the estate of his father, and that the representatives of Robert's
estate had a large claim against the representatives of the
estate of his father, which could be enforced in a proceeding
for an accounting.    Then the complaint avers that the Duchess
d'Auxy, on the 6th of December, 1888, obtained letters of
administration, with the will annexed, of the goods, chattels
and credits of Robert Soutter, her former husband; that she
petitioned the surrogate of the proper county, praying that
the defendants, the executors of the estate of James T.
Soutter, account, and that their accounts be judicially set-
tled.    That such proceedings were had before the surrogate;
that the said executors and all persons interested in the estate,
including plaintiff, were cited; that the executors filed their

accounts, but without vouchers, and exceptions were filed thereto in behalf of the plaintiff and the petitioner.

Thus far the allegations of the complaint were sufficient, by reasonable inference and deduction, to inform the court that the plaintiff, by the assignment to him, took an interest in the estate of James T. Soutter, and that he was a party to a proceeding in the Surrogate's Court wherein his claim could be enforced. At this point it is alleged that he was turned out of the Surrogate's Court, and the proceedings for accounting dismissed, against his protest, by force of a release and settlement made between the plaintiff's assignor, the Duchess d'Auxy, individually and as administratrix of her husband's estate, and the defendants, the executors of the estate of James T. Soutter, which settlement and release it is charged was fraudulent and collusive, and made and entered into between the parties with the intent to deprive the plaintiff of his rights under the assignment. If, when this release was produced before the surrogate, the plaintiff, who was a party to the proceedings, could have, then and there, contested its validity, and could have given proof of the fraud now alleged, he must be confined to that remedy, and cannot be permitted to maintain an independent action to try a question which he should have tried before the surrogate.

Equity will not interfere to set aside proceedings in an action in another court upon charges of fraud which could have been tried and decided in that action, or where relief is open in the action to the complaining party by motion, appeal or otherwise. (*Foster* v. *Wood*, 6 Johns. Ch. 87; *Smith* v. *Nelson*, 62 N. Y. 286; *Stilwell* v. *Carpenter*, 59 id. 414; *Ross* v. *Wood*, 70 id. 8–10; *Hunt* v. *Hunt*, 72 id. 227.)

The plaintiff, so far as appears by his complaint, had the same knowledge of the fraudulent character of the release, at the time that it was produced before the surrogate and the proceedings for accounting dismissed, that he had when he commenced this action. The complaint would not present a case for the interference of equity to annul the release and reinstate the proceedings for an accounting, except for the

rule, which seems to be well settled upon authority, that the surrogate was without power to try the question of fraud in procuring the release, or to pass upon its invalidity, on account of the methods claimed to have been used in procuring it. The Surrogate's Court possesses such jurisdiction only as is expressly conferred by statute, or necessarily implied from the power conferred, and that does not include the power to annul or set aside a release made between parties interested in an estate and the executors on the ground of fraud. In order to obtain such relief, resort must be had to a court possessing general equity powers and jurisdiction. (*Stilwell* v. *Carpenter*, 59 N. Y. 414; *Bevan* v. *Cooper*, 72 id. 317; *Matter of Wagner*, 119 id. 28.)

The allegations of the complaint were broad enough and were sufficient, if true, to present to the court a case for setting aside the release and reinstating the proceedings for accounting where they were before the order of the surrogate dismissing them, even if it should be held that they were not sufficient for any other purpose. In order to obtain that particular relief, it was enough to allege that the plaintiff was a party to the proceeding in which he was seeking to establish and enforce his claim, when, against his protest, it was terminated by a fraudulent release and settlement, against which no relief could have been obtained in the Surrogate's Court..

A court of equity possesses jurisdiction, concurrent with the Surrogate's Court, to entertain an action or proceeding for an accounting by executors. (*Haddow* v. *Lundy*, 59 N. Y. 320.) It seems to be the rule that the Supreme Court, in the exercise of its discretion, will decline to take jurisdiction of an action for an accounting, by the representatives of the estate of a deceased person, unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the Surrogate's Court is not competent to grant it, or some reason assigned or facts stated, to show that complete justice cannot be done in that court. (*Wager* v. *Wager*, 89 N. Y. 161; *Chipman* v. *Montgomery*, 63 id. 221; *Anderson* v. *Anderson*, 112 id. 115; *Haddow* v. *Lundy, supra.*)

But when a court of equity obtains jurisdiction of the matter for some special purpose, as to set aside a fraudulent deed or settlement made between the executors and parties interested in the estate, or to grant some other special relief not within the power of the probate court, it may, and very frequently does, retain the case for all purposes and decree a complete administration, settlement and distribution of the entire estate. (1 Pom..Eq. Juris. §§ 234, 235 ; 1 Story's Eq. Juris. [13th ed.] ch. 7, §§ 423, 424 ; *Fisher* v. *Hubbell*, 1 T. & C. 97.)

The ground upon which the court below dismissed the complaint was, mainly, that there was no specific statement that the plaintiff's assignment from the Duchess d'Auxy conveyed to him an interest in the estate of James T. Soutter. That, however, was a fair and reasonable conclusion and inference from the facts stated, and which, for the purpose of this appeal, must be taken as admitted ; and whether these allegations were necessary or not in an action against the executors for an accounting, we think, without expressing any opinion as to the merits of the case, that the complaint was sufficient for the purposes of an action to set aside the release and settlement between the plaintiff's assignor and the executors.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.