STELLA STAFFORD, APPELLANT, *v.* WALTER MERRILL AS GENERAL ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF EDGAR H. STAFFORD AND OTHERS, RESPONDENTS.

*Assignments for creditors — a preference for services to be rendered is fraudulent in law — charge of fraud not necessary — dismissal of the complaint upon the opening.*

In an action brought by a judgment-creditor of Edgar H. Stafford to set aside a general assignment executed by Stafford to one Merrill, and also a judgment confessed, and certain chattel mortgages made by him, upon the ground that these instruments were all parts of a general scheme to give illegal preferences, the complaint, after setting out these transactions at length, alleged that in said assignment one Ross was preferred in the sum of fifty dollars; that said Stafford was not indebted to him in any sum whatever, and that this amount was to be paid him for services to be rendered in managing the estate after the assignment. There was no allegation that the several acts complained of were done with intent to hinder, delay and defraud creditors.

Upon the trial the plaintiff conceded that none of the parties intended any fraud, and thereupon the complaint was dismissed upon the ground that no fraud was charged.

*Held,* error.

That Stafford could not lawfully prefer Ross for services to be rendered to the assigned estate subsequent to the assignment.

That such an act was fraudulent as matter of law, and that, as the matter was presented in much the same way as by a demurrer, the court must take judicial

notice of this fraudulent provision in the assignment, even though the complaint did not charge fraud, and although the plaintiff's counsel conceded that none was intended.

APPEAL by the plaintiff Stella Stafford from a judgment of the Supreme Court, entered in the office of the clerk of Essex county on the 5th day of June, 1891, dismissing the complaint, with costs, after a trial at the Essex Special Term.

*Alexander Thain*, for the appellant.

*Waldo & McLaughlin* and *Richard L. Hand*, for the respondents.

LEARNED, P. J.:

This action was brought by a judgment-creditor of Edgar H. Stafford to set aside confessions of judgment, chattel mortgages and a general assignment, which was made to defendant Merrill, on the ground that these were part of a general scheme to illegally prefer creditors in contravention of the statute.

The complaint sets forth the recovery of judgment and issue and return of execution by plaintiffs, and the making of a general assignment by the judgment-debtor to Merrill January 6, 1890, filed January 7, 1890.

It alleges that prior to the assignment, while the debtor was insolvent and in contemplation of the assignment, with the purpose of preferring the Fifth National Bank of Port Henry, and in violation of the statute limiting the amount of preference in a general assignment, said creditor made a chattel mortgage to the cashier of said bank to secure certain notes owing by the debtor to said bank.

It further alleges that the judgment-debtor and said bank, conspiring to cheat his creditors and to mislead them into giving credit to him, agreed that he should execute certain chattel mortgages to said cashier, which should not be recorded until such act became necessary for the protection of said bank, and that he did, therefore, execute three chattel mortgages in October, November and December, 1889, which were not recorded until January, 1890.

It further alleges that said debtor and said bank, conspiring to give him a fictitious credit, agreed that he should execute (and he did execute) three confessions of judgment in August, 1889, and October, 1889, which were not filed until January, 1890.

It further alleges that said debtor, after making the general assignment, gave a confession of judgment to said bank January 6, 1890, which was not filed until January 7, 1890.

It alleges that the judgments are fraudulent and fictitious in that the indebtedness to the bank was not over twenty thousand dollars, and the judgments amounted to over forty-seven thousand seven hundred dollars.

The complaint further alleges a confession of judgment by the debtor to one Palmer in August, 1889, filed January 7, 1890, which it avers is part of the debt secured by judgments to the bank, and was within the terms of the conspiracy aforesaid.

The complaint further alleges the execution of a chattel mortgage by the debtor to Blanche Le Huray, January 6, 1890, after the execution of the general assignment, and filed January 7, 1890; and, further, that this was intended to secure accommodation notes, indorsed by her, for Stafford, held by said bank, and which were included in the indebtedness of Stafford to said bank of $20,000.

It further alleges that one Ross is preferred in the assignment for fifty dollars, and that Stafford was not indebted to him in any sum; and that this amount was to be paid him for managing the estate after the assignment.

There is a further allegation that said Stafford, with intent to prefer plaintiff, executed a bond and mortgage to her of $3,000 on real estate and a chattel mortgage, and that plaintiff repudiates the same, and surrenders the same as the court may direct. It is not alleged that any of these acts were done with intent to hinder, delay or defraud creditors.

On the opening of the case it was conceded by plaintiff that none of the parties intended any fraud. Thereupon the defendants, on this concession and on the complaint, objected to any evidence, and moved to dismiss on the ground that no fraud was charged. The motion was granted and the plaintiff appeals. The counsel for the plaintiff admits in his brief the necessity of allegations and proving fraud. But he contends that fraud is alleged by the charge of the intentional violation of a statute, of mortgages and judgments given, and confessed as the result of a conspiracy to create fictitious debts.

The mode of disposing of a case adopted here is unsatisfactory. The practice is held in England to be improper (*Fletcher* v. *North-*

*western Railway Co.* [1892], 1 Q. B. Div., 122, Court of Appeals), for it is said that the evidence may be more favorable to the plaintiff than was the opening. In a complaint embracing so many allegations it is difficult to say whether there may not be in some unobserved clause an allegation on proof of which there might be a recovery. A demurrer (and this dismissal is similar) can only be sustained when, admitting all the facts alleged, it presents no cause of action whatever. (*Marie* v. *Garrison*, 83 N. Y., 14; *Sanders* v. *Soutter*, 126 id., 197.)

There is an allegation in the complaint that one Ross is a preferred creditor in the assignment; that the assignor was not indebted to said Ross in any sum whatever; that the sum was named in the assignment under a secret understanding and agreement between the assignor and Ross and the bank; that he was thus to be preferred in consideration of services to be rendered by Ross after the assignment in the interest of the bank.

Nothing was said by defendants' counsel on the argument as to this allegation. But we cannot properly overlook it in considering the question before us. We cannot treat it as the allegation of accidental preference of one not a creditor, because there is the allegation that the preference was made on the agreement and understanding that this was to be a payment for future services not rendered to the assignor, but in managing the assigned estate. Such services when rendered may very possibly be lawfully paid by the assignee. But the assignor could not lawfully make them a preferred debt in the assignment. It seems quite plain that an assignment knowingly made to secure an alleged debt which has no existence, and which may never exist, must be fraudulent as against creditors. (*Griffin* v. *Barney*, 2 N. Y., 372.) In that case it was held fraudulent to provide in an assignment for any other compensation to the assignees than that given by statute to trustees. That decision would be evaded if an assignment could provide a certain sum for services to be done by some person in caring for the estate, whatever such services might be worth and whether performed or not. In *Genesse River National Bank* v. *Mead* (18 Hun, 303), cited by defendant, the court remarked: "Besides the facts alleged are not inconsistent with an honest intention." That could hardly be said of this allegation we are considering.

The defendant, however, urges that the failure to allege fraud makes the complaint so defective that no recovery could have been had, especially as the plaintiff's counsel concedes that there was no intentional fraud But there are cases where the necessary effect of the assignment is to hinder, delay or defraud, and, therefore, the assignor is assumed to have intended what he directed the assignee to do. ( *Wilson* v. *Robertson,* 21 N. Y., 587 ; *Nat. Bank of Granville* v. *Cohn,* 42 Hun, 381 ; *Edgell* v. *Hart,* 9 N. Y., 213.) In the last case the court considered the provision of the Revised Statute, that fraudulent intent is a question of fact, and held as matter of law that the mortgage on its face was fraudulent. It seems to us, therefore, that the omission to charge a fraudulent intent was not fatal to the complaint if there was an allegation therein which showed, if true, that the assignment was fraudulent in law.

We have not discussed what seems to be the principal part of the plaintiff's complaint, viz., the attempt to give preferences beyond the statutory limit. Very probably, if the trial had proceeded, that would have been found to be the sole ground of plaintiff's action, and the allegation which we have considered would have been in some way eliminated. But, by the course pursued, we are shut up to the consideration whether there could possibly have been given any proof under this complaint which would have entitled plaintiff to any relief. And we meet the allegation which we have considered, and which appears to show a fraudulent assignment.

The judgment should be reversed, new trial granted, costs to abide event.

LANDON and MAYHAM, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.