### SANDERS *v.* SOUTTER *et al.*

*(Supreme Court, General Term, First Department.   December 31, 1891.)*

ASSIGNMENT—RIGHTS OF ASSIGNEE—RELEASE BY ASSIGNOR.

An assignment of all interest in a decedent's estate, in consideration of an indebtedness by the assignor to the assignee, and a contemporaneous agreement by the latter to return moneys realized in excess of such indebtedness, constitute a sale and defeasance, and a subsequent release by the assignor to the executors of the estate will be set aside, at the suit of the assignee, to the amount of such indebtedness only, and not as to the excess, claimed by the assignee under other assignments made subsequent to the release.

Appeals from special term, New York county.

Action by Lewis Sanders against Agnes Gordon Soutter and others, executors, Charlotte la Duchesse d'Auxy, and others, to set aside a release executed by the defendant D'Auxy to the executors, defendants. Judgment for plaintiff. The plaintiff and the defendant executors appeal. Affirmed.

For previous reports, see 7 N. Y. Supp. 549, 14 N. Y. Supp. 33, 27 N. E. Rep. 263.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Vanderpoel, Cuming & Goodwin,* (*Delos McCurdy,* of counsel,) for appellants. *E. M. Burghard,* for respondents.

INGRAHAM, J. This action was brought to compel the executors of James T. Soutter, deceased, to account as such executors, and to have a certain release executed and delivered by the defendant D'Auxy to the executors of the estate of James T. Soutter set aside and vacated, and that plaintiff's interest may be ascertained and satisfied. On the trial before the court at special term judgment was entered setting aside as void the settlement and release made by defendant D'Auxy, both individually and as administratrix with the will annexed of Robert Soutter, deceased, so far as to enable plaintiff to recover the sum of $2,550, with interest and costs. From this judgment the plaintiff and the defendants (the executors of James T. Soutter, deceased) appeal to this court.

The appeal of the defendants will be first considered. On the former trial of this case the action was dismissed upon the pleadings, which dismissal was affirmed by this court, but reversed by the court of appeals. 126 N. Y. 198, 27 N. E. Rep. 263. It was there held that the allegations of the complaint were sufficient, by reasonable inference and deduction, to inform the court that the plaintiff, by the assignment made, took an interest in the estate of James T. Soutter; that the release constituted an impediment to his proceedings in the surrogate court to compel an accounting of the executors of such estate; that the complaint alleged a cause of action in favor of the plaintiff to set aside such release, and to reinstate the proceedings for an accounting, and that the court, having obtained jurisdiction for the purpose of setting aside such release, would then proceed to decree a complete administration, settlement, and distribution of the entire estate, if necessary to enforce the plaintiff's right. On this trial an assignment as alleged in the complaint was proved, and the court found that the release executed by defendant D'Auxy to the defendants as executors was fraudulent and void as to plaintiff. Applying the decision of the court of appeals before referred to, we think that the plaintiff was entitled to the judgment granted by the court below. The allegations of the complaint which the court of appeals held set forth a good cause of action against the executors of the estate of Soutter for an accounting were substantially proved on the trial, and the judgment rendered for the plaintiff is in accordance with such decision. The judgment on the appeal of the defendants must therefore be affirmed, without costs.

We think, also, the appeal by the plaintiff from the judgment as entered must also fail. The plaintiff claims as assignee of an interest in the estate of James T. Soutter from the defendant D'Auxy. This assignment was to one Cranston, and recited that it was in consideration of the sum of $2,550, and assigned and transferred to said Cranston all the assignor's right, title, and interest acquired by her under the last will and testament of her husband, Robert Soutter, deceased, together with any and all claims which she held against said estate, either as legatee, devisee, or next of kin, except household furniture. Contemporaneously with the execution of this assignment, Cranston executed a paper addressed to the defendant D'Auxy, which recited the assignment, and then contained the following provisions: "I hereby promise and agree that from out of the moneys realized from the sale of any said interest, or from that realized from the determination or settlement of any or all of said actions or suits mentioned, I will first take and reserve therefrom the full sum of $2,550, with interest, together with any and all expenses which I may have incurred relative thereto, the balance to be given to you or your order, and all of such interests remaining undisposed of after I am fully

reimbursed to be transferred to you." And the assignment by Cranston under which plaintiff claims was of all Cranston's right, title, and interest in and to the bill of sale and defeasance, both of which were annexed to such assignment. These two instruments, viz., the bill of sale and the defeasance, considered together, establish that the transfer to Cranston was as security for the repayment of the sum of $2,550 and interest, and the expenses which he (Cranston) had incurred, and it was this right to resort to the claim against the Soutter estate to repay the amount due that was assigned to Cranston, and that passed under the assignment by Cranston to Amend, and by the assignment of Amend to plaintiff. The plaintiff holding this right to recover from the estate sufficient of the interest of the defendant D'Auxy to repay the amount due to Cranston, the defendant D'Auxy had no power to release the executors of the estate without the consent of Cranston or his assignee, and plaintiff is interested in the estate to an amount necessary to repay to Cranston or his assigns the amount for which he was entitled to hold such claim as security. For all her interest in the estate over and above such amount due to Cranston she had the right to release the estate, and, except so far as it was necessary to enforce the plaintiff's claim, to release or discharge the estate from any claim that she had against it. The release, therefore, was a bar to any recovery by Cranston or his assigns, or by the plaintiff, as assignee of the defendant D'Auxy, by assignments after the execution of such release, except so far as it was necessary to protect the right held by Cranston under the assignment, and which had been transferred to the plaintiff; and the judgment as granted in this case provides for the payment by the executors of the amount due to plaintiff, as assignee of Cranston, with costs. We do not think that the plaintiff is entitled to any more favorable judgment than that granted by the court below on the appeal of the plaintiff. The judgment is affirmed, without costs. All concur.