IRA W. KETCHUM, Appellant, *v.* ORRIN VAN DUSEN, Respondent.

*Complaint for work, labor and services — motion to dismiss for insufficiency upon the opening — allegation as to damages and demand of judgment.*

Where, before any evidence has been taken upon the trial of an action, a motion is made to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, the question presented is one of pleading, and is to be decided upon the same principles which govern the decision of a demurrer interposed to a complaint upon the ground of insufficiency.

In order to sustain a demurrer interposed to a complaint upon the ground of insufficiency, it is not enough that the facts are informally or imperfectly averred; that the pleading lacks definiteness or precision, or that the material facts are only argumentatively stated.

A complaint which shows that an agreement was made between the plaintiff and the defendant for the services of the former on the latter's farm in consideration of a lease thereof, and of a conditional renewal of the lease, and of a future grant of the demised premises, pursuant to which agreement the defendant has received from the plaintiff valuable services and materials, and has refused to fulfill his part of the agreement, and declines to pay for the services and mate-

rials, and which sets forth their value and demands judgment for the amount, sufficiently states a cause of action.

Where the complaint in an action alleges a cause of action from which damages may and presumptively do flow, the addition of a demand of judgment for a sum of money, as the consequence of such cause of action, is all that is required to sustain the complaint.

It is not necessary to demand the precise relief to which the plaintiff is entitled.

APPEAL by the plaintiff, Ira W. Ketchum, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Warren on the 13th day of June, 1896, upon the dismissal of the complaint, directed by the court after a trial before the court and a jury at a Trial Term of the Supreme Court held in and for the county of Warren.

The complaint alleges " that, some time in the latter part of March, 1894, plaintiff and defendant entered into an oral agreement as follows : That if plaintiff and his wife would go onto defendant's farm and work the same and do the housework and furnish meals for defendant and his wife, the defendant would make and enter into a written agreement with plaintiff whereby the said defendant should let and lease unto plaintiff defendant's farm in the town of Queensbury, Warren county, New York, for the term of one year from the first day of April, 1894, upon the following terms and conditions, to wit : The plaintiff should furnish one horse, do the farm work, keep the house and furnish said defendant and his wife their meals during said year. The defendant should furnish one horse, hay and grain to feed the team, and all the farm produce then on the place and all the produce raised on said farm during said year was to be the property of plaintiff. The defendant was to conduct himself in a proper, courteous and becoming manner toward plaintiff and his said wife. The defendant agreed to enter into said written contract as soon as plaintiff and defendant could go together to defendant's attorney's office. That the defendant further agreed to have said contract contain a provision that if the parties were agreed and were suited with the arrangement at the expiration of said year, that the contract should be continued during the lifetime of defendant and his wife, and at the decease of defendant the plaintiff should have the said farm and all that remained of all the property of defendant as his own, to thereafter have and to hold to himself, his heirs and assigns forever."

Then follow allegations that the plaintiff and his wife, pursuant to said agreement, went upon the farm of the defendant and worked the same, the plaintiff's wife doing the housework and furnishing the meals for the defendant and his wife; that the plaintiff and defendant went to the office of defendant's attorney, stated to him the terms of the agreement and requested him to reduce it to writing, the defendant agreeing to execute the same when it was put in writing, but that thereafter he refused to execute it, although often requested by the plaintiff so to do; that the defendant did not conduct himself in a proper, courteous and becoming manner, but was peevish, meddlesome, quarrelsome and ugly, and that plaintiff quit the employ of defendant on or about the 30th of May, 1894, and left the farm. Then follows a statement of the services alleged to have been rendered and performed for the defendant upon his farm by the plaintiff, his horse and his wife, and of materials furnished, and a statement of the value of such services and materials; that the defendant has not paid for the same or any part thereof, and concludes with a demand for judgment against the defendant for the sum of $257.65, being the alleged value of such services and materials, besides the costs of the action.

Upon the case being moved for trial, and before any evidence was introduced, the defendant moved for a dismissal of the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. The motion was granted and judgment was entered accordingly.

*A. Armstrong, Jr.,* for the appellant.

*J. A. Kellogg,* for the respondent.

HERRICK, J.:

When, at the commencement of the trial of an action, and before any evidence is taken, a motion is made to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, the question presented is one of pleading. (*Herbert* v. *Duryea*, 87 Hun, 288.)

And such question is to be decided upon the same principles that govern the decision of a demurrer to a complaint for insufficiency. (*Sanders* v. *Soutter*, 126 N. Y. 193; *Kain* v. *Larkin*, 141 id. 144.)

A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness or precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein by a reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred. (*Sanders* v. *Soutter*, 126 N. Y. 193; *Zebley* v. *F. L. & T. Co.*, 139 id. 461; *Kain* v. *Larkin*, 141 id. 144.)

Under our Code pleadings should be liberally construed with a view to substantial justice; and where the plaintiff's complaint may reasonably import the averment of a good cause of action, it is not to be held bad on demurrer, because its language is susceptible of being construed as excluding any such cause. Where it is susceptible of an interpretation which will constitute a cause of action, that interpretation will be given it rather than one which excludes a cause of action. (*Olcott* v. *Carroll*, 39 N Y 436.)

The statement of facts in the complaint is perhaps susceptible of two interpretations — one that the alleged agreement between the plaintiff and defendant was an agreement for a lease of the defendant's farm; the other that it was an agreement for the rendition of the services of the plaintiff and his wife, in return or payment for which the plaintiff was to receive a written lease of the farm for a year, containing an agreement for its renewal, upon certain conditions, during the lifetime of the defendant and his wife, with a grant of defendant's property to the plaintiff upon the defendant's death. The plaintiff was also to have the produce of the farm during the time of the rendition of the services of himself and wife. This latter interpretation is one that I think is warranted by the facts stated.

Then there is the statement that the plaintiff and his wife, in pursuance of such agreement, rendered and performed services and furnished material to and for the defendant that the defendant has failed and refused to perform his part of the agreement, and has not paid for the services rendered or material furnished.

In other words, the defendant has received, under a contract

which he refuses to carry out on his part, valuable services, for which he refuses to pay.

I think these facts show a cause of action in favor of the plaintiff and against the defendant for the damage sustained by the plaintiff by the breach of the contract, or for the value of the services rendered by him pursuant to it. (*Howard* v. *Daly,* 61 N. Y. 362.)

It is contended that the complaint is insufficient " because it does not allege that any damage accrued to the plaintiff by reason of any breach of contract."

It is not necessary to allege in terms that he has suffered damage; it is sufficient if facts are alleged from which damage can be inferred.

Where the complaint alleges a cause of action from which damages may, and presumptively do flow, the addition of a demand of judgment for a sum of money, as the consequence of such cause of action, is all that is required to sustain the pleading. (*Kenney* v. *N. Y. C. & H. R. R. R. Co.,* 49 Hun, 535.)

While the above-cited case was not one arising out of a breach of contract, the principle enunciated is one that applies to all actions for damages, no matter from what cause arising. The facts stated by the plaintiff show that he has been damaged by the breach of the contract. He shows the performance of labor and services and the furnishing of materials, for which he has not been paid, either by giving him the written lease, as agreed, nor in any other way.

The statement of these facts in the manner set forth in the complaint is good, either as an averment of facts from which damage will be inferred, or as allegations of fact by which to measure his recovery upon a *quantum meruit.*

It is not material that the plaintiff does not demand the precise damages to which he is entitled, or makes a mistake in the true rule of damages in his complaint. The court upon the facts alleged in the complaint may adjust the recovery upon the proper basis. (*Colrick* v. *Swinburne,* 105 N. Y. 503.)

If the facts stated in the complaint show that the plaintiff is entitled to any relief, either legal or equitable, it is not demurrable on the ground that the party has not demanded the precise relief to which he appears to be entitled. (*Wetmore* v. *Porter,* 92 N. Y. 76; *Mitchell* v. *Thorne,* 134 id. 536.)

The complaint shows an agreement between plaintiff and defendant; that pursuant to that agreement the defendant has received from the plaintiff valuable services and materials; that he refuses to fulfill his part of the agreement and declines to pay for the services rendered and materials furnished, and the value of such services and materials is set forth and a judgment for the amount thereof demanded. I think that is sufficient.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.