(29 Misc. Rep. 203.)

GRUEN v. TRUSTEES OF PEABODY EDUCATION FUND et al.

(Supreme Court, Special Term, New York County. October, 1899.)

CONTRACTS—PLEADING—COMPLAINT—DEMURRER.
    In an action for rent for use of furniture from 1894 to 1899, where the plaintiff's only direct allegation of ownership of the furniture refers to the time the complaint was drawn, in 1899, but the complaint shows that defendants, in 1894, entered into possession of a hotel, and, finding said furniture there, used the same, apparently without express agreement with anybody, and that a "fair and reasonable rental to plaintiff for the use of said furniture is $9,300 a year during the period it had been used, to wit, from 1894 to the commencement of the action," and that said furniture belongs to plaintiff, and was purchased from a former owner, but does not show the time of purchase, a demurrer to the complaint will be overruled, under Code, § 519, providing that pleadings shall be liberally construed, as sufficient facts are stated from which an action can be fairly gathered.

Action by Frank C. Gruen against the Trustees of the Peabody Education Fund and J. Pierpont Morgan. Demurrer to complaint overruled.

James P. Foster, for plaintiff.
Sherman Evarts, for defendants.

GILDERSLEEVE, J.   Defendants demur to the complaint on the ground that it does not set forth facts sufficient to constitute a cause of action. The complaint appears to rest its alleged cause of action upon a sort of implied agreement to pay rent for the use of furniture from the 14th of October, 1894, to the date of the commencement of the action, which was about April or May, 1899. The only direct allegation of ownership of said furniture by plaintiff is that he owns the furniture, i. e. at the time of the drawing of the complaint, in April, 1899. There is no allegation in the complaint that plaintiff was the owner from October 14, 1894, or at any time previous to the making of the complaint, in April, 1899. The complaint alleges that on October 14, 1894, the defendants entered into possession of the hotel in question, and found certain furniture there, which they used, apparently, without any express agreement with anybody, but that a "fair and reasonable rental to the plaintiff for the use of said furniture and fixtures is $9,300 a year during the period they have been used, to wit, from October 14, 1894, to the commencement of this action." The complaint also states that "the furniture and fixtures belong to and are the property of

the plaintiff, and that he purchased the same from John W. Rasch, the assignee, under a general assignment of Nettie N. Gerlach, who was the owner thereof, together with all her right and title and interest therein, and also purchased any claim or demands she had in regard thereto." When he so made the purchase, and during the period the said Gerlach was owner, and what her claims were, do not appear. The complaint is very imperfectly drawn. The rule, however, is that the pleading must be liberally construed (Code, § 519); and a cause of action will be deemed to be stated in a complaint whenever sufficient facts to sustain an action can be fairly gathered from all the averments, although the statement of them may be argumentative and the pleading deficient in technical language. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. In the case of Marie v. Garrison, 83 N. Y. 14–23, the court of last resort used the following language, viz.:

"A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are imperfectly or informally averred, or that the pleading lacks definiteness and precision, or that the material facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred."

Applying this doctrine to the case at bar, I incline to the opinion that, defective as the complaint is, still there is sufficient to warrant the overruling of the demurrer. The defendants may serve an answer within 20 days, on payment of costs.

Demurrer overruled.