(29 Misc. Rep. 523.)

## CRINNIAN v. KNAUTH et al.

(Supreme Court, Special Term, New York County. November, 1899.)

ASSIGNMENT—PLEADING.

> Where a complaint stated that a certain firm sold defendant goods, and that such firm thereafter assigned the claim to plaintiff, such allegations being sufficient to authorize proof of a sale by an assignor competent to contract, the complaint was not demurrable, though it contained no allegation of partnership, nor specification of persons competent to contract.

Action by Thomas M. Crinnian against Manuel Knauth & Co. Demurrer to the complaint. Overruled.

James J. Allen, for plaintiff.

James L. Suydam, for defendants.

GILDERSLEEVE, J. The complaint alleges that "the firm of S. Heyman" sold and delivered goods to the defendants at the city of New York, at the request of said defendants, for which said defendants promised to pay, and upon which a specified sum remains unpaid and owing, and that before the commencement of the action "the said firm of S. Heyman" sold and assigned said claim to the plaintiff, for value, and that plaintiff is the owner of said claim. The defendants demur to the complaint on the ground that "upon the face thereof it does not state facts sufficient to constitute a cause of action." The demurrer is based upon the fact that the assignors of plaintiff are described only as "the firm" of S. Heyman, and that there is no allegation of partnership or specification of the persons constituting such firm. While it is true that, were the assignors themselves suing on the claim, the description given of them in this complaint would be insufficient; still it seems to me to be a sufficient designation of the parties from whom plaintiff has obtained title to the cause of action by assignment. The allegation that "the firm" sold is sufficient to authorize proof of a sale by assignors competent to contract. The rule is that pleadings must be liberally construed (Code Civ. Proc. § 519), and a cause of action will be deemed to be stated in a complaint whenever sufficient facts to sustain an action can be fairly gathered from all the averments, although the statement of them may be argumentative, and the pleading deficient in technical language. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. It is not sufficient to sustain the demurrer that the complaint lacks definiteness and precision. The complaint is deemed to allege what can be implied from the allegations therein by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred. Marie v. Garrison, 83 N. Y. 23. I am of opinion that the demurrer should be overruled. Defendants may answer within 20 days on payment of costs.

Demurrer overruled, with leave to answer.