KELLS v. PEOPLE'S TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department.   April 13, 1903.)

1. WILLS—INFANT LEGATEE—AGREEMENT FOR DISTRIBUTION OF ESTATE—SUR-
ROGATE—OUSTER OF JURISDICTION.

The jurisdiction of the surrogate to compel an executor to account
is not ousted by an agreement between the legatees pending a previous
suit for an accounting, and to which an infant legatee, by his guardian
appointed in such suit, is a party, whereby only the other legatees agree
to release the executor from liability on payment of certain sums which
have not in fact been paid; it appearing that a large portion of the
residuary estate is still in the executor's hands, and the agreement itself
stipulating for express permission of the surrogate for the sale of prop-
erty by the executor.

Appeal from Special Term, Kings County.

Suit by William E. Kells, as an executor of the last will of Thomas
Kells, deceased, against the People's Trust Company, as general
guardian of Thomas Kells, an infant, and others, to restrain defend-
ants from commencing proceedings to compel an accounting by plain-
tiff. From a judgment sustaining a demurrer to the complaint,
plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD,
HIRSCHBERG, and HOOKER, JJ.

Henry Cooper, for appellant.

T. Ellett Hodgskin (George W. Wingate, on the brief), for re-
spondent.

HOOKER, J.   The plaintiff and the defendant Rose Kells are the
executors of the last will and testament of Thomas Kells, deceased.
In the month of October, 1899, the defendant Gesell instituted pro-
ceedings in the Surrogate's Court to compel the executors to ac-
count, and pending that accounting a general agreement between
the executors and all the devisees and legatees under the will of
Thomas Kells, deceased, was entered into, which evidently was in-
tended to cover all the matters in dispute between them, and to de-
fine their rights and interests in the estate of the deceased.   All of
the parties to that agreement are parties to this action, and all are
of full age, except the defendant Thomas J. Kells.   The defendant
the People's Trust Company, as the general guardian of the infant
Thomas J. Kells, subsequent to the execution and delivery of that
agreement commenced proceedings in the Surrogate's Court to com-
pel an accounting by this plaintiff, one of said executors; and this
action was then brought by him, demanding judgment that all such
proceedings instituted by the defendant company as guardian be per-
petually stayed, and that the rights of the parties to this action be
decreed to be merged in said agreement.   The defendant the People's
Trust Company, as guardian, demurred to the complaint, and the
plaintiff appeals from a judgment sustaining the demurrer.

It appears from the recitations in the agreement that the deceased,
in his lifetime, was engaged in a manufacturing business, and in con-
nection therewith owned several buildings, and much machinery there-

in; that the plaintiff continued that business after the testator's death until a certain time, when the manufacturing plant was consumed by fire; that the buildings have not been reconstructed since the fire, and the property remains unoccupied and unimproved; that the plaintiff and the defendant Charles D. Kells have since the fire been conducting a similar business under the name of Thomas Kells' Sons; that at the time the agreement was executed, in March, 1900, there had been paid to the executors the sum of about $9,500 by the several insurance companies liable on policies upon the property destroyed; and that there then was from other companies due a sum adjusted at about $8,000. The executors, both individually and in their representative capacity, together with the defendant Charles D. Kells, are parties of the first part to that agreement; and the defendants Herbert R. Kells, Mamie E. Gesell, and Thomas J. Kells, by John B. Lord, his special guardian in the proceedings in the Surrogate's Court directing an accounting, are the parties of the other part. The agreement recites that it is deemed for the best advantage of all parties interested in the estate that the parties of the first part should pay to the parties of the second part their respective shares of the residuary estate, and the parties of the first part by the agreement subordinated their interest in the estate to the parties of the other part. The parties of the first part jointly and severally bound themselves to pay to Thomas J. Kells the sum of $6,-666.66; to Mamie E. Gesell, $3,333.33; to Herbert R. Kells, $1,-666.67; and, in addition thereto, certain fees and disbursements in the proceedings for an accounting. These payments were to be made out of the balance of the insurance moneys to be collected, and out of the proceeds of the sale of the real property referred to; but the parties of the first part agreed that, if these sums remained unpaid for a period of 10 months after the date of the agreement, then they themselves would pay the balance, with interest from January 1, 1901. The only undertaking on the part of the defendants Gesell and Herbert R. Kells is in the last clause of the contract, in which they agree that, upon the payment to the parties of the second part of the sums set forth above, the said Gesell and Herbert R. Kells would execute and deliver to the parties of the first part discharges releasing them from any and all further accountability, either individually or as executors, in respect to the said estate, or in any wise growing out of the will of Thomas Kells, deceased.

Neither John B. Lord, as special guardian for Thomas J. Kells, the infant, nor Thomas J. Kells himself, assumed in this agreement to enter into any covenant whatsoever on his part affecting the interest of Thomas J. Kells in said estate in any way. It was not assumed by the articles to settle or determine the share of Thomas J. Kells in the estate of his father, or under his father's will; nor was any effort made to discharge the executors from accountability and liability to Thomas J. Kells, either presently or upon the fulfillment of the condition of the payment to him of the sum stated in the contract.

Some time after this agreement was executed and delivered by and between the several parties, certain sums were paid to the parties

therein named as the parties of the second part, which sums equaled, approximately, two-thirds of the full amount named in the contract. Subsequently to these payments, and after the expiration of 10 months from the date of the contract, the People's Trust Company receiving no further payments upon the interest of its ward, commenced proceedings in the Surrogate's Court to compel this plaintiff, as executor, to account, and that course of the guardian calls forth this action by the plaintiff. He claims upon this appeal that the agreement so clearly defines the rights and liabilities of the parties that the surrogate has no longer any jurisdiction over the estate of Thomas Kells, deceased. He urges this court to reverse the judgment sustaining the demurrer, upon the authority of Matter of Wagner, 119 N. Y. 28, 23 N. E. 200, and Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. The Wagner Case, supra, was an appeal from an order made by the surrogate, and simply held that where, upon an application to compel an executor to render an account, it is shown that the interest of the appellant has been satisfied and extinguished by a settlement and distribution, the surrogate should dismiss the application, and has no jurisdiction to pass upon the question whether such release or statement was obtained by fraud. In the Sanders Case, supra, it was simply decided that where a proceeding for an accounting had been dismissed in consequence of a full release and settlement made between the legatees and executors of an estate, which it was charged was fraudulent and collusive, and made to deprive the plaintiff of his rights, he was entitled to maintain an action in the Supreme Court to annul the release and compel an accounting. The case at bar differs very widely from the authorities upon which the plaintiff seeks to maintain this action. It is to be noticed that the defendant the People's Trust Company, as guardian, is the petitioner in the proceedings in the Surrogate's Court which the defendant now seeks to restrain, and that neither the People's Trust Company, as guardian, Thomas J. Kells, the infant himself, nor any one else in his behalf, ever undertook in the agreement, made part of the complaint, to release the executors, or to make a settlement with them of his interest in the estate. Another feature of dissimilarity between the cases plaintiff cites and the case at bar is that the defendants Gesell and Herbert R. Kells, though of full age, did not in the agreement release the executors from accountability. The nature of their undertaking was to execute discharges and releases when the full sums named in the contract should be paid to them. Those sums not having been paid, the executors are not yet released. Nor can the plaintiff successfully base his contention upon the theory that the estate has been distributed and the claims satisfied and extinguished. The allegations of his own pleading show affirmatively that a large portion of the residuary estate of the deceased is yet in his hands, or in the hands of the partnership formed between the plaintiff and the defendant Charles D. Kells. As a general proposition, the Surrogate's Court will not be ousted of jurisdiction in matters of accounting between executors or administrators and those interested in the estates of deceased persons, unless there have been acts of the parties which clearly indicate an intention between the parties to con-

sider the estates settled and distributed, or to consider the executors or administrators discharged from further duty to them. No such intention can be spelled out of the language of the agreement upon which this case is based. On the other hand, it seems to be the intention that the Surrogate's Court shall still retain jurisdiction of the subject-matter of the estate and its administration, for it is distinctly provided and stipulated in that agreement that an order be entered in the proceedings for an account then pending, restraining the executors from selling or conveying the unoccupied and unimproved property remaining in their hands without express permission of the Surrogate's Court, under orders authorizing the same, first had and obtained.

We cannot believe that there is any authority in reason for a reversal of this judgment, and, in the view we take of it, the plaintiff is not entitled to stay the defendant the People's Trust Company. The plaintiff not being entitled to that relief, and in view of the infancy of the defendant Thomas J. Kells, and of the terms of the agreement as affecting the other defendants, the appellant is not entitled to a judgment decreeing that the rights of all the parties be merged in the agreement.

The judgment appealed from should be affirmed, with costs. All **concur.**