(42 App. Div. 316.)

### ROSSELLE v. KLEIN et al.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. PLEADING—IN STATUTORY ACTION.

It is only necessary to allege in a complaint, under a statute, those facts and acts which the statute sets forth as the circumstance under which an action may be brought.

2. DEMURRER—PRESUMPTIONS TO SUSTAIN PLEADINGS.

Upon a demurrer, the complaint will be deemed to allege every fact which can by reasonable and fair intendment be implied from its statements.

3. FRAUDULENT CONVEYANCE—DEATH OF GRANTOR—ACTION BY CREDITOR.

Under Laws 1897, c. 417, § 7, providing that a creditor of a deceased insolvent debtor may, without obtaining a judgment on his claim, for the benefit of himself and other creditors, maintain an action to set aside any transfer made in fraud of creditors, a complaint in such an action is sufficient which alleges the death of an insolvent, the existence of a claim against him in favor of plaintiff, a conveyance by said debtor of all his property for no consideration, and with intent to defraud his creditors, and that he left no other property with which to pay his debts.

4. SAME.

That a creditor has obtained a judgment does not bar his remedy under such statute.

Appeal from special term, Fulton county.

Action by John J. Rosselle against Florence Klein, Frank H. Mills, and others, to set aside a fraudulent conveyance. From a judgment overruling a demurrer to plaintiff's petition, defendant Mills appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

D. H. McFalls, for appellant.
Albert W. Bemis, for respondent.

HERRICK, J. This is not a judgment creditors' action, under article 1, tit. 4, § 1871 et seq., of the Code of Civil Procedure, nor an action in equity to set aside a fraudulent conveyance, like that of Bank v. White, 6 N. Y. 236. Cases of that character, and those brought under the provisions of the Code of Civil Procedure, are not precedents as to what it is necessary to plead in this action, which is brought under section 7 of chapter 417 of the Laws of 1897, which, after providing that an executor, administrator, receiver, assignee, or trustee may, for the benefit of creditors, disaffirm, treat

as void, and resist any act done or transfer made in fraud of creditors, including himself, interested in such estate or property, further provides:

"A creditor of a deceased insolvent debtor, having a claim against the estate of such debtor, exceeding in amount the sum of one hundred dollars, may, without obtaining a judgment on such claim, * * * for the benefit of himself and other creditors interested in said estate, disaffirm, treat as void and resist any act done or conveyance, transfer or agreement made in fraud of creditors, or maintain an action to set aside such act, conveyance, transfer or agreement."

It is only necessary to allege in a complaint, under a statute, those facts and acts which the statute itself sets forth as the circumstances under which an action may be brought. Upon a demurrer, the complaint will be deemed to allege every fact which can by reasonable and fair intendment be implied from its statements. Sanders y. Soutter, 126 N. Y. 193, 27 N. E. 263; Zebley v. Trust Co., 139 N. Y. 461, 34 N. E. 1067. And from the statements in this complaint that the plaintiff obtained a judgment against John J. Hanson in his lifetime, and that said judgment remains in full force and effect, and that no part of it has been paid, we may infer that he had a claim against him, and still has such claim against his estate. While the statute says that a creditor of a deceased and solvent debtor may, without obtaining a judgment upon his claim, maintain an action to set aside a conveyance or transfer made in fraud of creditors, the fact that such claim has been placed in judgment does not, I think, preclude the creditor from maintaining such an action. He still has a claim, within the meaning of the statute. The complaint alleges the death of an insolvent, the existence of a claim against him of over $100 in favor of the plaintiff, a conveyance by said deceased debtor of all his property for no consideration, and with intent to defraud his creditors, and that he left no other property with which to pay his debts. That is a statement, I think, of all the facts necessary to constitute a cause of action, under the section of the statute cited. The defendants Clara B. McKee and Max Myers were the trustees and executors under the will of Hanson's wife, to whom such property was conveyed by the insolvent debtor. Of course they cannot be expected to bring an action to devest themselves of the property of which they were left trustees; and the plaintiff having made them, together with the children of Hanson and his wife, to whom such property would descend by inheritance, and to whom the deceased wife of Hanson, by her last will and testament, gave and devised such property, defendants, all persons interested in such estate, with the exception of creditors, were made parties defendant.

The demurrer, it seems to me, was properly overruled, and the interlocutory judgment should therefore be affirmed.

Judgment affirmed, with costs, with usual leave to defendants to answer upon payment of costs. All concur