## TERZINE v INDUST. COMM.

Ohio Appeals, 9th Dist, Wayne Co.

No. 1046.  Decided March 30, 1939

Edwin S. & Wm. H. H. Wertz, Wooster, for appellee.

Thomas J. Herbert, Atty. Gen., Columbus, and E. P. Felker, Asst. Atty. Gen., Columbus, for appellant.

### OPINION

PER CURIAM:

Anna Terzine, widow of Rocco Terzine, applied to the Industrial Commission of Ohio for participation in the workmen's compensation fund. Mrs. Terzine claimed that the death of her husband proximately resulted from an accidental injury received in the course of his employment with the Akron Brass Co. The commission rejected the claim, and this action was instituted in the Common Pleas Court of Wayne County as an appeal from that order.

The trial in the Court of Common Pleas resulted in a judgment in favor of the plaintiff. The Industrial Commission has appealed to this court from the said judgment on questions of law —the claim being that on the evidence in the case reasonable minds could reach but one conclusion, and that is that the death of the deceased was not the result of an accidental injury received in the course of his employment.

It is impossible to harmonize either the decisions of the Supreme Court or the decisions of the Courts of Appeals in reference to what constitutes an accidental injury within the meaning of the compensation law. There are a large number of cases which hold that where incapacity results from a natural and gradual wearing away of physical capacity or condition during the regular and usual employment, there is no injury which may be compensated under the workmen's compensation law, and there are also a large number of cases, both in the Supreme Court and the various Courts of Appeals, that hold that where an employee, engaged in the performance of his regular duties, is subjected to extraordinary strain, or other unusual condition distinctive in character and definite as to time and place, resulting in injury, such injury is an accidental injury within the meaning of the workmen's compensation law.

We have considered the evidence in this case, and have reached the unanimous conclusion that reasonable minds can reach but one conclusion upon said evidence, and that is such as to bring it within the first class of cases above referred to, and not within the last class of cases above referred to.

The evidence disclosed that at the time of the claimed "accidental injury" Terzine was performing his work as a laborer in the "usual way and under the usual conditions," when he collapsed from no apparent cause.

The following pertinent language of the Supreme Court, applied to the facts in the Goodman case, ante, is equally applicable to the instant case: "He was not engaged in any extraordinary effort at the time; in fact there is no disclosure of anything occurring to him by reason of the activities, conditions or environments of his employment which can possibly be denoted as a compensable injury * * *."

Goodman v Industrial Commission, 135 Oh St 81.

The claim is made that an aortic insufficiency resulting from a tearing of the aortic valve proximately caused the claimant's death, and that such disability was in and of itself an accidental injury within the meaning of the Workmen's Compensation law.

We believe this view is untenable. The Goodman case, supra, involved an acute dilatation of the claimant's heart, which resulted in his death. In each case the injury may be said to have been traumatic, but if, as stated by the Supreme Court in the Goodman case, the injury there was not accidental, then by the same reasoning the injury in the instant case was not accidental.

Having reached the indicated conclusion, it is our duty to reverse the judgment and render final judgment in favor of the Industrial Commission.

Judgment reversed and final judgment for appellant.

WASHBURN, PJ., DOYLE, J., & STEVENS, J., concur.