WARNER, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 92—Decided April 16, 1942.)

*Mr. Paul Spriggs,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. Edward W. Kuns,* prosecuting attorney, for appellant.

GUERNSEY, J.  This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Paulding county, Ohio.

Plaintiff filed his petition in the Court of Common Pleas of Paulding county, Ohio, by way of an appeal from an order of the Industrial Commission of Ohio wherein he was denied the right to participate in the benefits of the state insurance fund.

The defendant filed its motion for an order requiring the plaintiff to make his petition definite and certain in the following particulars, to wit: "To set forth in detail the manner in which plaintiff claims to have 'injured his heart.' "  This motion having been allowed, plaintiff filed his amended petition.

In his amended petition the plaintiff pleaded facts

sufficient to show the existence of jurisdictional procedural requisites. He further pleaded: "That on the 27th day of October 1938, plaintiff was employed as a workman in the lumber yard of said firm of Brady Brothers, located in the village of Payne, Ohio, and in the course of his employment he was engaged in the loading of lumber, cement and building supplies in trucks, and while so engaged in said employment and while in the act of loading said lumber, cement and building supplies in said trucks so injured his heart, resulting in an acute dilation of the left ventricle, that his general health was impaired and as a result of said injury he has ever since said date been unable to perform any kind of work or labor whatsoever. That said injury to plaintiff arose out of and was the result of such employment."

To plaintiff's amended petition the defendant filed its demurrer upon the ground that the amended petition did not contain facts sufficient to constitute a cause of action. The Court of Common Pleas overruled this demurrer, and, defendant not desiring to plead further, the court entered judgment for plaintiff finding that plaintiff is entitled to participate in the state insurance fund and is entitled to recover his costs, with attorney fees to counsel in an amount equal to 20 per cent of the first $500 of any award made to plaintiff under the terms of the judgment and ten per cent of any sum awarded in excess of $500, such fee, however, not to exceed the total sum of $500, as provided by statute.

It is from this judgment this appeal is taken.

The defendant assigns error of the trial court in the following particulars: (1) In overruling defendant's demurrer to plaintiff's petition; (2) in rendering judgment in favor of plaintiff; and (3) that the judgment of the court is contrary to law.

Under these assignments of error the defendant argues that the plaintiff in his amended petition has

failed to allege facts showing that the injury complained of by plaintiff is a physical or traumatic injury, accidental in its origin or cause, the result of a sudden, extraordinary, unusual happening at a particular time.

Whatever right the plaintiff has to recover in the instant case is derived from the provisions of Section 35, Article II of the Constitution of Ohio, and the provisions of the Workmen's Compensation Act, passed pursuant to such constitutional provision. The pertinent part of this section of the Constitution reads as follows:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom."

The particular section of the Workmen's Compensation Act applicable here is Section 1465-68, General Code (117 Ohio Laws, 109), which, among other things, prescribes as follows:

"Every employee mentioned in Section 1465-61, who is injured, * * * wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on or after January 1, 1914, shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury * * * as is provided in the case of other injured * * * employees, and shall be entitled to receive such medical, nurse and hospital services and medicines * * * as are payable in the case of other injured * * * employees.

"Every employee mentioned in Section 1465-61, who is injured, * * * wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on

and after January 1, 1914, shall be entitled to receive, either directly from his employer as provided in Section 1465-69, or from the state insurance fund, such compensation for loss sustained on account of such injury * * * and such medical, nurse and hospital services and medicines, * * * as provided by Sections 1465-79 to 1465-87, inclusive. * * *

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of, and arising out of, the injured employee's employment."

There is a further provision of the Workmen's Compensation Act, that the disability for which claim is made must have existed for more than seven days.

From an inspection of the provisions of Section 35, Article II of the Constitution, above referred to, it will be noted that the injuries for which compensation is provided, are injuries "occasioned in the course of such workmen's employment," and that under the provisions of the Workmen's Compensation Act, and particularly Section 1465-68, General Code, above referred to, "the term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of, and arising out of, the injured employee's employment."

It will be noted that neither the constitutional provision nor the Workmen's Compensation Act prescribes any requirement that the injury, for which compensation is provided, shall be a physical or traumatic injury, accidental in its origin or cause, the result of a sudden, extraordinary, unusual happening at a particular time, although the Supreme Court of Ohio has definitely, in a series of cases, established that such requirement is implied in the constitutional provision and the act, and that proof that the injury for which compensation is claimed is physical or traumatic and accidental in its origin or cause is essential to a re-

covery. *Goodman* v. *Industrial Commission,* 135 Ohio St., 81, 19 N. E. (2d), 508; *Industrial Commission* v. *Franken,* 126 Ohio St., 299, 185 N. E., 199; *Industrial Commission* v. *Lambert,* 126 Ohio St., 501, 186 N. E., 89; *Industrial Commission* v. *Roth,* 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463; *Industrial Commission* v. *Palmer,* 126 Ohio St., 251, 185 N. E., 66; *Terzine* v. *Industrial Commission,* 31 Ohio Law Abs., 601.

The Supreme Court, however, has never passed on the question as to whether it is necessary, on an appeal to the Common Pleas Court from an order of the Industrial Commission denying the right to compensation to plead facts showing the injury to be a physical or traumatic injury, accidental in its origin or cause, the result of a sudden, extraordinary, unusual happening at a particular time.

In the *per curiam* opinion in the case of *Miles* v. *Electric Auto-Lite Co.,* 133 Ohio St., 613, at page 615, 15 N. E. (2d), 532, it is stated:

"The trial in the Court of Common Pleas is in the nature of an appeal from the Industrial Commission. When the action is filed in the Court of Common Pleas the record of the evidence has already been made. The only purpose of the pleadings is to properly start the action, give due notice by summons to the defendant, whether it be the Industrial Commission or the employer, and to set forth concisely the character of the action involved. Since the only purpose of the trial in the Court of Common Pleas is to 'determine the right of the claimant to participate or to continue to participate in such fund' from the evidence contained in the transcript, the issue in reality has already been made. As set forth in Section 1465-90, General Code, the law has defined that issue to be the 'right of the claimant to participate or to continue to participate in such fund.' If there be questions relating to procedure or jurisdiction, which the defendant wishes to

raise, timely objection, by motion or other objection, should be made before the introduction of evidence.''

Under this liberal holding, it would seem that upon appeal to the Common Pleas Court the issue in reality has already been made from the evidence contained in the transcript and that a general demurrer would not lie to a petition. But the Supreme Court, in the case of *Vogt* v. *Industrial Commission,* 138 Ohio St., 233, 34 N. E. (2d), 197, without noticing or commenting upon the last-mentioned case, held that a general demurrer did lie to such petition.

However, in the *Vogt case* the petition, to which a demurrer was sustained, did not allege the facts prescribed by the constitutional provision and the statutes mentioned, as essential to a recovery, but on the contrary alleged facts showing that the injury for which compensation was claimed, was not a physical or traumatic injury, accidental in its origin or cause, the result of a sudden, extraordinary, unusual happening at a particular time, which, under the decisions hereinbefore mentioned, precluded plaintiff from recovering.

In the petition in the instant case it is alleged that the plaintiff was employed as a workman in the lumber yard of a firm which had contributed to the state fund created by compulsory contribution thereto by employers; that in the course of his employment he was engaged in the loading of lumber, cement and building supplies on trucks; that while so engaged in such employment and while in the act of loading the lumber, cement and building supplies in such trucks he injured his heart resulting in an acute dilation of the left ventricle; that his general health was impaired; and that as a result of such injury he has ever since that date been unable to perform any kind of work or labor whatsoever. It is further alleged in the petition that such injury to plaintiff arose out of and was

the result of such employment. The time of the injury, to wit, October 27, 1938, is also alleged.

In the instant case the amended petition therefore alleges all those facts which the constitutional provision and the statutes mentioned name as the basis for the right to recover, the allegation that the plaintiff "has ever since said date [October 27, 1938] been unable to perform any kind of work or labor whatsoever" being sufficient to charge that the injury complained of has resulted in a disability extending more than seven days.

It has been universally held that in a criminal pleading, where the statute creates an offense and sets out the facts which constitute it, an indictment or information that follows the language of the statute is good. The same rule of pleading should, and does, apply in civil actions.

In 49 Corpus Juris, 152, Section 167, under the subject of pleading, it is stated:

"No recovery can be had under a statute unless plaintiff alleges exactly those facts which the statute names as the basis for the right conferred, but only such facts as the statute itself sets forth as the circumstances under which an action may be maintained need be alleged. In stating a cause of action which is derived from a statute it is not necessary, in alleging the facts which bring plaintiff within it, to use the exact words of the statute; words of equivalent import are equally proper. The exact words of the statute may, however, be used, and are generally sufficient * * *."

It is only necessary to allege in a complaint under a statute, those facts and acts which the statute itself sets forth as the circumstances under which an action may be brought. Upon a general demurrer the plaintiff will be deemed to allege every fact which can, by

reasonable and fair intendment, be implied from its statements. *Sanders* v. *Soutter,* 126 N. Y., 193, 27 N. E., 263; *Zebley* v. *Farmers' Loan & Trust Co.,* 139 N. Y., 461, 34 N. E., 1067; *Rosselle* v. *Klein,* 42 App. Div., 316, 59 N. Y. Supp., 94.

The right to recover in the instant case was derived from and based upon statute, and the plaintiff in his amended petition alleged all the facts and acts which the statute itself sets forth as the circumstances under which an action may be brought.

Under the authorities mentioned, the petition, upon demurrer thereto, will be deemed to allege every fact which can by reasonable and fair intendment be implied from its statements, including facts conforming to the requirement which the Supreme Court has found implied in the statute that the injury complained of is a physical or traumatic injury, accidental in its origin or cause, the result of a sudden, extraordinary, unusual happening at a particular time.

While the petition was subject to a motion to make it more definite and certain, it did, as against a general demurrer, state a cause of action under the governing statute.

This being the case, the court did not err in overruling the demurrer and in entering judgment in favor of plaintiff, upon the demurrant not desiring to plead further, and its judgment will therefore be affirmed.

*Judgment affirmed.*

KLINGER, P. J., and CROW, J., concur.